689 So.2d 959 (1996)
Billy Joe MAGWOOD
v.
STATE.
CR-92-843.
Court of Criminal Appeals of Alabama.
May 10, 1996.
Rehearing Denied August 23, 1996.
Certiorari Denied February 28, 1997.
*962 Marguerite Del Valle and James Power, Jr., New York City; and Joel Williams, Troy, for appellant.
Jeff Sessions, Atty. Gen., and Andy Poole, Deputy Atty. Gen., for appellee.
Alabama Supreme Court 1952019.
McMILLAN, Judge.
The appellant, Billy Joe Magwood, was convicted on June 2, 1981, of the capital murder of the sheriff of Coffee County, in violation of  13-11-2(a)(5), Code of Alabama 1975.[1] The murder occurred on March 1, 1979.[2] Thereafter, the appellant was sentenced to death by electrocution, and his conviction and sentence were affirmed on direct appeal to this court. Magwood v. State, 426 So.2d 918 (Ala.Cr.App.1982). That decision was affirmed by the Alabama Supreme Court on certiorari review. Ex parte Magwood, 426 So.2d 929 (Ala.1983). On July 13, 1983, the appellant filed a petition for writ of error coram nobis in the Circuit *963 Court of Coffee County, which the trial court denied. This court affirmed the denial, Magwood v. State, 449 So.2d 1267 (Ala.Cr.App. 1984), and a motion to permit the filing of an out-of-time appeal was subsequently denied by the Alabama Supreme Court. Ex parte Magwood, 453 So.2d 1349 (Ala.1984).
Thereafter, on March 26, 1985, the United States District Court for the Middle District of Alabama upheld the appellant's conviction upon a review of a petition for a writ of habeas corpus filed by the appellant, but conditionally granted the writ as to the sentence, based on the failure of the sentencing court to find two mitigating circumstances. Magwood v. Smith, 608 F.Supp. 218 (M.D.Ala.1985). This decision was affirmed by the United States Eleventh Circuit Court of Appeals. Magwood v. Smith, 791 F.2d 1438 (11th Cir.1986).
A resentencing hearing was held in the Circuit Court of Coffee County, and the appellant was again sentenced to death by electrocution. The resentencing was affirmed by this court, Magwood v. State, 548 So.2d 512 (Ala.Cr.App.1988), and that decision was affirmed by the Alabama Supreme Court, Ex parte Magwood, 548 So.2d 516 (Ala.1988). A petition for a writ of certiorari was then filed in the United States Supreme Court, which that Court denied. Magwood v. Alabama, 493 U.S. 923, 110 S.Ct. 291, 107 L.Ed.2d 271 (1989). Rehearing was thereafter denied. Magwood v. Alabama, 493 U.S. 1037, 110 S.Ct. 764, 107 L.Ed.2d 779 (1990).
Pursuant to former Temp. Rule 20, Ala. R.Crim.P.,[3] the appellant filed a petition in the Circuit Court of Coffee County seeking relief from his conviction and sentence of death. The State filed a response, arguing that the appellant had failed to plead any specific facts in support of his allegations, and stating that several grounds were precluded. Temp.Rule 20.2, Ala.R.Crim.P. Additionally, the State filed a notion for more definite statement or, in the alternative, for a partial dismissal. The trial court then ordered the appellant to file an amended petition or to provide specific facts in support of his allegations. Thereafter, the appellant amended his petition seven times, the final amendment being filed one week before the scheduled evidentiary hearing. The State responded by arguing that certain issues were precluded by Temp.Rule 20.2, Ala. R.Crim.P., and that the allegations were without merit. The petition was heard on April 15, 1992, and again on August 12 and 13, 1992; thereafter, on January 13, 1993, the trial court denied the petition. This appeal follows.
In this petition, the appellant claimed ineffective assistance of trial and appellate counsel and cited 47 alleged instances of ineffective assistance by his trial counsel, his appellate counsel, or both. He further alleged that he was denied his right to a full appellate review of his capital conviction and sentence because the trial court proceedings were not completely transcribed. He argued that his right to a fair trial by an impartial jury was violated by the trial court's failure to grant a change of venue. He argued that he was deprived of an impartial jury because certain potential jurors had been improperly excluded by the trial court. He argued that his rights to a fair trial by impartial jury were violated because the trial court restricted the voir dire examinations of perspective jurors. He argued that the prosecutor introduced prejudicial and inflammatory photographs and diagrams in violation of his constitutional rights. He argued that his Fifth, Eighth, and Fourteenth Amendment rights were violated by the imposition of the death sentence by the court on resentencing. He argued that his rights to a constitutionally fair sentencing hearing were violated by the trial court's instructions, which limited consideration of mitigating evidence.
He further argued that the application of the death penalty and the execution of mentally diseased persons violate the United States Constitution and the Alabama Constitution. He argued that Alabama's death *964 penalty is applied arbitrarily and discriminatorily and that black persons are significantly more likely to receive a death sentence in cases involving white victims. He argued that the re-sentencing court's failure to convene a jury and to weigh the jury's advisory verdict in sentencing him was contrary to constitutional law. The appellant argued that his death sentence exceeds the maximum sentence authorized by law for a violation of  13-11-2(a)(5), Code of Alabama 1975, where no aggravating circumstances, as set forth in  13-11-6, Code of Alabama 1975, existed.
The appellant argued that certain newly discovered material facts required that his conviction and death sentence be vacated; this newly discovered evidence, he says, included statements made by the appellant and others dealing with his mental condition and other nonstatutory mitigating circumstances, as well as alleged misconduct by the State, certain jurors, and the judge who had presided over his trial and sentencing. The appellant submitted that the trial court's rejection of his insanity defense rendered his conviction illegal and unconstitutional. He argued that he was improperly and unconstitutionally tried and sentenced because, he says, during trial, he was under treatment for a mental disease and subject to the influence of antipsychotic drugs. He argued that his conviction and sentence were rendered under the influence of passion and prejudice by jurors, a judge, and defense counsel, all of whom knew the victim.
The trial court thereafter issued an opinion and order concerning this final amended Rule 32, Ala.R.Crim.P., petition by the appellant, succinctly dealing with each issue raised by the appellant, determining either that the claim was procedurally barred, was without merit, or both. This opinion and order by the trial court is attached to this opinion as Appendix A, and is adopted by this Court.

I
The appellant argues that he was entitled to a full and fair hearing on the claims set forth in his petition. The appellant makes no further specific allegations within this claim.
The petitioner's burden of proof in a Rule 32 petition as established by Rule 32.3, Ala.R.Crim.P. (formerly Rule 20.3), is proof by a preponderance of the evidence of the facts which would entitle him to relief. Although the State has the burden of pleading any ground of preclusion, once that ground has been pleaded, the petitioner must disprove its existence by a preponderance of the evidence. Moreover, pursuant to Rule 32.9(a) (formerly Rule 20.9(a)), "The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the presence of the petitioner is not required." An evidentiary hearing need not be held if the trial court has before it "facts supporting the position of each party [that] are fully set out in ... supporting affidavits." Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App. 1989).
The record demonstrates that the trial court was supplied with a number of affidavits, depositions, reports, statements, and arguments concerning the issues raised by the appellant. Additionally, most of the claims raised by the appellant have been or could have been previously raised; therefore, as to these claims, the petitioner may not raise an issue that was previously raised and addressed in a prior proceeding, or that could have been addressed in a prior proceeding. See Rule 30.2, Ala.R.Crim.P. (formerly Rule 20.2, Ala.R.Crim.P.Temp.).
Based on the claims raised by the appellant and the documents before the trial court when the petition was denied, the trial court's summary denial of this petition was proper.

II
The appellant argues that his death sentence was unconstitutional, that it was not authorized by the law, and that the court was without jurisdiction to impose this sentence. The appellant further argues that, for these reasons, his petition was not subject to the preclusionary grounds of Rule 32.2(a), Ala. R.Crim.P. However, the record indicates that some of these claims have been previously addressed and rejected by this court, *965 and that some of these claims are factually constitutional issues subject to preclusion.
The appellant argues that the death penalty was improperly imposed, because, he says, his sentence was not supported by a statutory aggravating circumstance, in that there was not a corresponding aggravating circumstance set out in former Code of Alabama 1975,  13-11-6, for his conviction under former  13-11-2(a)(5). In Magwood v. State, 548 So.2d 512, 513 (Ala.Cr.App.1988), this court previously held, in affirming the appellant's resentencing to death by electrocution, that the offense defined at former  13-11-2(a)(5), former Code of Alabama 1975, was on its face a capital offense. Furthermore, this court noted that the murder of a law enforcement officer in the course of his duties is an offense for which the death penalty is generally imposed throughout Alabama. Id. This court further held that the trial court correctly found the existence of one statutory aggravating circumstance pursuant to Ex parte Kyzer, 399 So.2d 330 (Ala.1981). Id., citing Jackson v. State, 501 So.2d 542 (Ala. Cr.App.1986), cert. denied, 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 746 (1987). "This was the aggravation averred in the indictment that Magwood murdered a law-enforcement official while that official was on duty or because of some official or job-related act or performance of that official." Id. Thus, this issue has previously been decided adversely to the appellant.
The appellant argues that the death penalty has not generally been imposed in similar cases in Alabama, citing Tucker v. State, 537 So.2d 59 (Ala.Cr.App.1988) (involving a conviction for murder as a lesser included offense of capital murder); Chatom v. State, 348 So.2d 838 (Ala.1977) (the offense occurred November 17, 1975, during a period when no state was authorized to impose the death penalty); Billups v. State, 338 So.2d 478 (Ala.Cr.App.1976) (the offense occurred in March 1975, when no state could impose the death penalty); Watkins v. State, 495 So.2d 92 (Ala.Cr.App.1986) (the victim's family asked the prosecutor not to seek the death penalty); Anderson v. State, 542 So.2d 292 (Ala.Cr.App.1987), cert. quashed, Ex parte Anderson, 542 So.2d 307 (Ala.1989), cert. denied, 493 U.S. 836, 110 S.Ct. 116, 107 L.Ed.2d 77 (1989) (the jury could not reach a unanimous advisory verdict). However, this court has previously addressed this issue in Magwood v. State, supra at 513, holding that "the murder of a law enforcement officer in the course of his duties is one for which the death penalty is generally imposed throughout this state." Id., citing Harrell v. State, 470 So.2d 1303 (Ala.Cr.App.1984), affirmed, 470 So.2d 1309 (Ala.), cert. denied, 474 U.S. 935, 106 S.Ct. 269, 88 L.Ed.2d 276 (1985); Daniel v. State, 459 So.2d 933 (Ala.Cr.App.), remanded on other grounds, 459 So.2d 942 (Ala.1982), affirmed on return to remand, 459 So.2d 944 (Ala.), affirmed, 459 So.2d 948 (Ala. 1984), cert. denied, 471 U.S. 1009, 105 S.Ct. 1878, 85 L.Ed.2d 170 (1985). See also Cade v. State, 521 So.2d 80 (Ala.Cr.App.1986), aff'd, 521 So.2d 85 (Ala.1987), cert. denied, 488 U.S. 871, 109 S.Ct. 184, 102 L.Ed.2d 153 (1988). Thus, this matter is precluded because it has been previously adjudicated by this court.
The appellant argued that the trial court erred in sentencing him, because, he argues, it considered an improper aggravating circumstance and disregarded mitigating evidence. However, the record indicates that, pursuant to the provisional granting of a writ of habeas corpus by the United States District Court for the Middle District of Alabama, affirmed by the Eleventh Circuit Court of Appeals, which required the sentencing court to consider two mitigating circumstances in re-sentencing the appellant, the sentencing court did so. The federal court stated that the trial court was not precluded from imposing a death sentence on the appellant after properly considering the mitigating circumstances. The Alabama Court of Criminal Appeals, on review of the trial court's re-sentencing, found that the circumstances were properly considered. Thus, this matter is precluded as having previously been addressed. See Magwood v. State, 548 So.2d 512 (Ala.Cr.App.1988). Furthermore, despite the appellant's claim that the trial court relied on six nonstatutory aggravating circumstances, the trial court's findings clearly indicate that he found the existence of only one aggravating circumstance, *966 as provided by Ex parte Kyzer, supra. See Magwood v. State, supra, at 513.
The appellant argues that his resentencing proceeding was improper, because, he says, a jury was not empaneled to consider evidence. However, the conditional grant of the writ of habeas corpus by the federal courts ordered only that the sentencing court consider the mitigating circumstances, not that another advisory verdict by a jury be returned. Because the appellant's sentence has previously been reviewed and no error found in the jury phase of sentencing, this issue is without merit.

III
The appellant argues that his claims of ineffective assistance of counsel were improperly denied and that he is entitled to a hearing on these claims. He further asserts that, because the same attorney represented him on direct appeal from the conviction and sentence and in the resentencing proceedings, this is his first opportunity to challenge this attorney's ineffectiveness. The State argues that these allegations of ineffectiveness concerning the counsel who had represented him at his original trial, on appeal, and during his subsequent resentencing and appeal were properly denied by the trial court because, he argues, they were precluded as having been raised or addressed on appeal or in a previous collateral proceeding, pursuant to Rule 32.2(a)(4), Ala.R.Crim.P. (formerly Rule 20.2(a)(4), Ala.R.Crim.P.Temp.), or as having been successive to his 1983 petition for a writ of error coram nobis, which was fully adjudicated. Ellison v. State, 593 So.2d 150 (Ala.Cr.App.1991), overruled on other grounds, 629 So.2d 51 (Ala.1993); Blount v. State, 572 So.2d 498 (Ala.Cr.App.1990).
Specifically, on appeal of the denial of the appellant's 1983 petition for a writ of error coram nobis, this court stated, concerning the claim of ineffective assistance of counsel at trial and on appeal, that "a full hearing was had on this issue at the trial level resulting in a determination that appellant was not denied effective assistance of counsel." Magwood v. State, 449 So.2d 1267, 1268 (Ala.Cr. App.1984). This court ultimately concluded that "a careful review persuades us that the trial court was correct in its decision." Magwood v. State, supra, at 1268.
In his petition for a writ of habeas corpus filed in the United States Middle District for Alabama, the appellant also alleged ineffective assistance of counsel. These allegations were rejected by that court. Magwood v. Smith, 608 F.Supp. 218 (M.D.Ala.1985). These claims were again rejected by the Eleventh Circuit Court of Appeals on appeal. Magwood v. Smith, 791 F.2d 1438 (11th Cir. 1986). Thus, the appellant's claims of ineffective assistance as to his trial and appellate counsel are precluded from review. Rule 32.2(a)(4), Ala.R.Crim.P. See also Rule 32.2(b), Ala.R.Crim.P.
The record indicates that in its order in this case, the trial court found that the claims of ineffective assistance of counsel relating to the appellant's trial and appellate counsel were precluded as having been previously adjudicated in the appellant's 1983 petition for a writ of error coram nobis. The trial court further found that the only claims it needed to address were those concerning the ineffectiveness of the appellant's counsel on resentencing and on the appeal from resentencing. The trial court further held that, because of the nature of the allegations being raised, the attorney's testimony was not necessary to resolve those issues, because sufficient evidence had been presented from which the trial court could determine that the claims were without merit. The additional evidence that the appellant sought to admit, as noted by the trial court, was cumulative to evidence already in the record.
The trial court noted that because the attorney who represented the appellant at resentencing and on appeal for that proceeding did not become involved in this case until the resentencing hearing that resulted from the provisional grant of the writ of habeas corpus by the federal court, any evaluation of the attorney's performance must be based on the precise instructions by the federal court's order. Thus, although the appellant claims that this attorney failed to offer additional evidence to indicate that a sentence of life imprisonment without parole was more appropriate in his case, the federal court ordered *967 the resentencing court to consider only the existence of two mitigating circumstances. Similarly, the appellant's complaints that his attorney failed to introduce expert testimony and failed to challenge the trial court's consideration of a nonstatutory aggravating circumstance were matters outside the direction of what was to be considered by the resentencing court. The appellant further argues that his attorney should have argued that a death sentence was inappropriate and improperly applied in a conviction for the intentional murder of a police officer, and that the attorney should have challenged the testimony allegedly relied upon by the original sentencing court. Again, these matters were not to be addressed by the resentencing court.
The appellant also complains that his attorney should have presented information concerning his mental state. The two mitigating circumstances found to necessitate consideration by the sentencing court in the order by the federal courts were that the appellant killed the sheriff while "under the influence of extreme mental or emotional disturbance,"  13-11-7(2), Code of Alabama 1975, and that on the date of the offense his capacity "to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired"  13-11-7(6), Code of Alabama 1975. However, the record indicates that the appellant failed to make the threshold showing that his attorney's actions fell below the "objective standard of reasonableness." Moreover, because the additional evidence the appellant claims his attorney should have sought to have admitted at the resentencing hearing was cumulative of information already contained in the record, he further failed to demonstrate that he was prejudiced by any error on the part of his attorney. See, e.g., Williams v. State, 489 So.2d 4, 7 (Ala.Cr.App.1986).
"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a break down in the adversary process that renders the result unreliable."
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
In the present case, the appellant has shown neither that his counsel at the resentencing hearing performed deficiently nor that he was prejudiced by counsel's performance. The appellant's claims of ineffective assistance of counsel concerning his attorney prior to re-sentencing were properly held to be precluded.

IV
The appellant argues that he is entitled to a hearing on his claims of newly discovered evidence that he raised in his petition. In his order, the trial judge held that the appellant's claims as to newly discovered evidence were without merit, stating:
"The matter[s] which Magwood claims are `newly discovered material facts' are not, in fact, matters falling within the category of such evidence. Instead, what Magwood attempts to cast as newly discovered evidence is evidence that was known to the sentencing court at the time of Magwood's 1985 re-sentencing proceeding, and was in fact considered in passing sentence at that time. Moreover, to the extent that Magwood claims that sentencing imposed subsequent to his are in some way relevant to the matters before this court, that claims is wholly meritless because it would stand reason on its head to suggest that subsequent sentences should be considered in evaluating death sentences imposed previously. To do as Magwood suggests would mean that no sentence of death could ever be carried out because there would always be new death sentencing *968 with which the old death sentence should be compared. That is not the law because it is contrary to common sense. The court rejects that claim as without merit. To the extent that Magwood alleges other `newly discovered evidence,' those claims are without merit and do not entitle Magwood to relief."
The allegedly newly discovered evidence to which the appellant refers concerns the following matters: the appellant's mental health, the jurors' relationship with a State's witness, the jurors' relationship with the victim,[4] and an alleged conflict of interest between the appellant and his defense counsel. As to the appellant's claim that he has newly discovered evidence concerning his mental health, he refers to a transcript of a pretrial hearing held pursuant to his motion for mental evaluation, during which two physicians testified that they believed that the appellant should be tested by mental health professionals. The appellant further refers to a letter that he wrote to defense counsel and a letter that he wrote to the trial court. However, this evidence does not amount to newly discovered material facts as defined by Rule 32.1(e), Ala.R.Crim.P., in that this evidence was known by the appellant or his defense counsel at the time of trial or sentencing and was cumulative of other evidence concerning the appellant's mental health. Moreover, the admission of this evidence would not have resulted in a different outcome at trial and it does not establish that the appellant is innocent of the crime or should not have received the death penalty.
Although the appellant claims that a number of jurors did not reveal their relationship with State's witness Thomas Weeks, the record indicates that the jurors were never examined as to whether they knew that witness or had any relationship with him. See State v. Hall, 183 N.J.Super. 224, 443 A.2d 767 (1982), aff'd, 93 N.J. 552, 461 A.2d 1155 (1983); cert. denied, 464 U.S. 1008, 104 S.Ct. 526, 78 L.Ed.2d 709 (1983) (the defendant's contention that he should be granted a new trial based on newly discovered evidence of an alleged relationship between a juror and two of the State's witnesses was without merit because this "newly discovered evidence" was discoverable by reasonable diligence before trial, had the appellant or his counsel properly questioned the witnesses or jurors.) See also United States v. Bell, 351 F.2d 868 (6th Cir.1965), cert. denied, 383 U.S. 947, 86 S.Ct. 1200, 16 L.Ed.2d 210 (1966) (the defendant was not entitled to a new trial based on his claim that newly discovered evidence showed that a juror concealed the fact that she was personally acquainted with a government witness and that there was a relationship between them, because the relationship was not substantiated by the evidence). This claim by the appellant is unsubstantiated and because any alleged relationships could have been discovered through the exercise of reasonable diligence before trial, it is not newly discovered evidence.
Although the appellant claims, as newly discovered evidence, a conflict of interest based on his attorney's friendship with the victim, the record indicates that the appellant's trial attorney acknowledged this relationship to the jury and requested that they remain open-minded in considering the evidence, because, he said, the victim was such a character that he would have wanted the appellant to receive a fair trial. Thus, this claim does not amount to newly discovered evidence.

V
The appellant argues that the trial court erred by allowing the State's "forensic examiner" to interrogate the appellant at Holman Prison. The appellant refers to an examination conducted by an expert witness for the State pursuant to the State's "Motion for Order Allowing Access for Psychological Evaluation," which the trial court granted. Although the appellant argues that this examination was conducted without notice, the trial court's order granting this motion states that the evaluation could have properly been held any time after January 9, 1992. The *969 appellant implies that the State wrongfully gained from the expert nonpsychological information regarding the appellant, including a statement by the appellant regarding the commission of this crime. The appellant argues that the State used the witness to obtain prejudicial and unauthorized discovery and to interrogate him without counsel being present. However, nothing in the record substantiates this claim by the appellant. It is clear that most psychological evaluations of criminal defendants include a statement by the defendant of his or her version of what happened on the occasion of the offense. See, e.g., Thomas v. State, 511 So.2d 248, 252 (Ala.Cr.App.1987).
Moreover, the State's motion seeking this evaluation was made following the appellant's conviction, sentencing, and direct appeal. The State made the motion in connection with claims raised by the appellant's Rule 20 (Rule 32) petition. The appellant responded to the State's motion by indicating that no discussion or decision had been made by the defense as to whether any evidence concerning the appellant's psychological condition would be admitted at the hearing on the appellant's Rule 20 (Rule 32) petition.
In Ex parte Wilson, 571 So.2d 1251, 1258-59 (Ala.1990), the Alabama Supreme Court addressed the collateral issue whether a defendant could be compelled to undergo a psychiatric evaluation, where the defendant argued that testimony of the State's expert was gained as a result of the evaluation, in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights; the defendant relied heavily on Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). The Alabama Supreme Court distinguished Ex parte Wilson from Estelle v. Smith, because the defendant in Wilson had entered a plea of not guilty by reason of insanity, whereas the defendant in Estelle v. Smith had introduced no psychiatric evidence and had not indicated that he might do so. The Alabama Supreme Court distinguished these cases stating:
"... [T]he Supreme Court noted that `a different situation arises where a defendant intends to introduce psychiatric evidence at the penalty phase' as opposed to the case where the defendant intends to offer no such evidence.1
1 [Id. 451 U.S. at 472, 101 S.Ct. at 1877. The Supreme Court noted that the Fifth Circuit `carefully left open' the possibility that a defendant who intends to offer psychiatric evidence at the penalty phase of a trial could be precluded from offering such evidence unless he consents to examination by the State's own psychiatric expert. Estelle, 451 U.S. at 466, n. 10, 101 S.Ct. at 1874 n. 10."
Ex parte Wilson, 571 So.2d at 1259.
In the present case, the appellant during this trial, on his direct appeal, and in all post-conviction pleadings raised as a defense that he was suffering from a mental disease or defect.
Moreover, concerning the Sixth Amendment claim, the rule of law established in Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), does not apply to the facts here, because, although this case involves the death penalty, the right to counsel does not extend to a psychological evaluation for the purpose of a subsequent Rule 32 petition. See generally Brown v. Butler, 811 F.2d 938, 940-41 (5th Cir.1987); Baumann v. United States, 692 F.2d 565, 574-78 (9th Cir.1982) (refusing to extend Estelle v. Smith, supra, concerning an appellant's Sixth Amendment right to counsel, outside the narrow situation established in Estelle; noting that the United States Supreme Court restricted its consideration to "the circumstances of this case." Estelle v. Smith, 451 U.S. at 461, 101 S.Ct. at 1872). This right to counsel does not attach to the psychiatric evaluation in the present case because it was not a "critical stage" of the proceeding "in which the prior advice of counsel is essential to guarantee the fairness of the trial itself within the rule of United States v. Wade, [388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)]." Baumann v. United States, 692 F.2d at 577. While a sentencing hearing is clearly a critical stage of the proceeding, Estelle v. Smith, supra; McDonald v. State, 668 So.2d 89 (Ala.Cr.App.1995), this post-trial Rule 32 petition, which is a collateral attack of the appellant's conviction and sentence, does not constitute a critical stage of the proceedings. Cf. cases holding that a hearing on a motion for a new trial constitutes a *970 critical stage of the proceeding; e.g., Berry v. State, 630 So.2d 127, 129 (Ala.Cr.App. 1983); King v. State, 613 So.2d 888, 889-891 (Ala.Cr.App.1993); Johnston v. Mizell, 912 F.2d 172 (7th Cir.1990), cert. denied, 498 U.S. 1094, 111 S.Ct. 982, 112 L.Ed.2d 1067 (1991); Menefield v. Borg, 881 F.2d 696 (9th Cir. 1989).
"The courts have determined that a defendant has a right to appointed counsel at sentencing and in the first appeal granted as a matter of right from a criminal conviction. See generally, Committee Comments to Rule 6.1, Alabama Rules of Criminal Procedure. In Alabama, the right to appeal is statutory. See Alabama Code 1975,  12-22-130."
King v. State, 613 So.2d at 890. Thus, an appellant had the right to counsel at a hearing on a motion for a new trial because such a hearing falls in the interim period between sentencing and the time for filing a direct appeal.
"As a practical matter, the motion for a new trial is the defendant's last opportunity for an unconstrained review on the merits of the evidence against him. On appeal, both jury conclusions and the factual decisions of the trial court are either immune from review or treated under a highly deferential standard. Consequently, the defendant's failure to take full legal advantage of the statutory right substantially diminishes his ability to challenge the sufficiency of the evidence."
Menefield v. Borg, supra, at 698-99.
Because this hearing on the appellant's Rule 32 petition was not a "critical stage" of the proceedings, the appellant's Sixth Amendment right to counsel did not attach.

VI
The appellant argues that he was deprived of a full and fair review of his conviction and sentence because, he says, his trial proceedings were not fully transcribed. The appellant alleges that there was a hearing on resentencing held on December 9, 1986, the transcript of which is not included in the record; moreover, he alleges that a page of voir dire examination was omitted, as well as some pretrial testimony of two experts as to his mental evaluation. However, these alleged omissions are matters that could have been raised on appeal. Furthermore, the record could have been supplemented by the appellant pursuant to Rule 10(f), Ala.R.App.P. For the foregoing reasons, this claim is precluded from review.

VII
The appellant argues that the State withheld evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and further prejudiced the appellant by claiming in the prosecutor's closing argument to the jury that this "disclosure" evidence, which was presented by the State, constituted a failure to present evidence on the part of the appellant. The appellant is apparently referring to a transcript of a probation revocation proceeding held in 1976, approximately three years before this offense. The transcript of this hearing is contained in the record and includes the testimony of a probation officer and the appellant. The appellant has failed to provide any evidence tending to prove that the transcript was suppressed by the State or that it was material or even exculpatory. Thus, he has failed to establish the predicate for proving a violation of Brady v. Maryland, supra.

VIII
The appellant argues that the trial court abused its discretion in failing to release his approved funds and in declining to impose sanctions and costs for the State's violation of the writ of mandamus issued by the Alabama Court of Criminal Appeals.
Regarding the appellant's claim that the trial court abused its discretion in failing to release approved funds, specifically $5,000 awarded by the trial court for investigative funds, the State on appeal notes that this matter was addressed in ex parte communications between the trial court and defense counsel; therefore, the State asserts that it cannot respond to these claims. The record on appeal contains an order issued by the trial court, granting the appellant $5,000 and ordering that he, through his defense counsel *971 should, "prepare an accounting on the use of these monies to be submitted to this court, ex parte, in camera, on a monthly basis." Thereafter, another order was issued by the trial judge stating that, before he had signed the initial order, the trial judge had conferred with defense counsel, acknowledging that he would sign the order but would issue another order limiting the appellant's use of the funds. The order further stated that the appellant could not spend any of the funds "except as later ordered by this court." No further requests for any of this money, or any grant or denial of the expenditure of this money by the trial court appears in the record. Thus, there is no indication in the record that the appellant was not allowed to expend monies that were granted to him.
"`"This court cannot predicate error on matters not shown by the record, nor can we presume error from a silent record." Smelcher v. State, 520 So.2d 229 (Ala.Cr.App.1987); Abbott v. State, 494 So.2d 789 (Ala.Cr.App.1986). "Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done." Jolly v. State, 405 So.2d 76 (Ala.Cr.App.1981); Watson v. State, 398 So.2d 320 (Ala.Cr. App.1980), writ denied, 398 So.2d 332 (Ala), cert. denied, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981).'"
Gaddy v. State, [CR-90-1429, May 26, 1995] ___ So.2d ___ (Ala.Cr.App.1995), quoting Owens v. State, 597 So.2d 734, 736 (Ala.Cr. App.1992).
The appellant claims that the trial court erred in failing to award sanctions and costs against the State because of the deposition of a State's expert witness. Apparently, the appellant argues that the State attempted to prevent the appellant from deposing Dr. McClaren a second time because, he says, the State had been informed in a telephone conversation that defense counsel would be at a particular location in Florida to conduct the deposition but Dr. McClaren did not appear. However, the State alleges that this was the result of a misunderstanding and argues that a review of the transcribed telephone conversation reveals that defense counsel indicated that they would be in Alabama for the deposition. Following this telephone conversation, the trial court telephoned the State's expert and ordered him to appear at the place of deposition in Florida, which he did. The appellant thereafter requested the trial court to award sanctions and costs based on this alleged misconduct by the State. In its brief on appeal, the State argues that it also filed a motion for sanctions, which, like the appellant's motion, the trial court did not rule on.
The appellant's motion alleges that the deposition was set for July 16 in Tallahassee, Florida. The appellant argues that an assistant attorney general informed defense counsel on July 10 that the deposition had to be rescheduled for July 17 at 1:00 p.m. The appellant alleges that, during that conversation, the assistant attorney general asked defense counsel if he would be deposing the State's expert in Florida, to which the defense counsel responded, "Yes." The appellant states that the assistant attorney general responded that he planned to defend the deposition by telephone. In his motion, the appellant then asserts that at the appointed time and location defense counsel received a telephone call from the assistant attorney general and then informed him that the witness had not yet arrived at the deposition. The assistant attorney general stated that the witness was in Chattahoochee, Florida, and would be appearing by telephone. Defense counsel then contacted the trial court, who ordered the State to produce the witness at the appointed place of deposition within an hour and a half. The appellant asserts that the witness arrived at the deposition 40 minutes later, and the deposition began at approximately 3:00 p.m. The appellant also argues in his motion that the assistant attorney general, during the deposition, shouted inappropriately at the defense counsel, entered numerous and frivolous objections, and entered an unnecessary motion; these actions are alleged to have been an intentional means of preventing the defense counsel from effectively deposing the witness.
The record also contains the State's response to the motion and the State's motion for sanctions and costs. In this motion, the State alleges that defense counsel misstated *972 the facts in their motion and that the July 17 date for the deposition was actually set by defense counsel, who called an assistant attorney general, while the lead counsel for the State was unavailable; the State alleges that defense preferred this date, because the State's lead counsel had previously rejected that date. The State also refutes defense counsel's claim that the assistant attorney general had asked if they would personally be taking the deposition in Florida, and refers to the transcript of a previous telephone conversation. That transcribed conversation, which is included in the record, indicates that the assistant attorney general asked defense counsel, whose offices are located in New York, if they were "coming down" for the deposition. One responded, "Yes," while the other responded, "Yeah, we are going to be down in Alabama." The assistant attorney general then stated, "Then I assume y'all have no problem with us appearing by telephone if that's necessary." Defense counsel then indicated that this arrangement would be satisfactory. An affidavit by another assistant attorney general appears in the record, stating that he left a message with defense counsel's office in New York confirming that the deposition would be conducted by telephone. The State, in its motion, alleges that the first instance of defense counsel's objecting to the deposition being taken by telephone was at the deposition. The State further denies any inappropriate conduct during the deposition, claiming that the deposition was overly long, abusive, and frivolous. The State also submits that the transcript of the deposition reflects that the State's expert was cooperative and forthcoming with his answers. The State argues that it was entitled to sanctions and costs against defense counsel for their abusive and obstructionist tactics.
Although the alleged conduct by the prosecutor, if proven, may in some cases warrant sanctions or ethical actions by the aggrieved parties,[5] a Rule 32 petition for post-conviction remedy is not the proper method of presenting these claims, because it does not fall within the defined scope of this remedy. See Rule 32.1, Ala.R.Crim.P. This claim does not present newly discovered material facts; it does not allege that the appellant is being held in custody following the expiration of his sentence, or that the sentence imposed exceeds the maximum authorized by law, or that the court was without jurisdiction to render judgment or impose sentence, or that the United States or Alabama Constitution requires a new trial, new sentence, or other relief. Cf. Ex parte Strickland, 550 So.2d 1054 (Ala.1989) (the appellant's claims that his due process rights were violated by allowing deposition, although he had not been given formal notice of the deposition or granted a hearing before the trial court's grant of the State's motion for videotaped deposition, were procedural in nature, but do not amount to a denial of procedural due process.)

IX
The appellant alleges that his conviction and sentence were unconstitutionally and illegally obtained, and that his execution would violate the Eighth and Fourteenth Amendments of the Constitution. Specifically, the appellant appears to contend that a determination of competency should be required prior to execution and, moreover, that the State had administered antipsychotic drugs to him, against his will, for years, presumably in order to make him appear competent. The appellant submits no evidence tending to prove this latter claim and thus has failed to meet the requirement of a full disclosure of the factual basis for this ground. See Rule 32.6(b), Ala.R.Crim.P.
In a capital case in Alabama, the trial court is required, pursuant to  15-16-22, Code of Alabama 1975, to order the mental examination of a capital defendant whenever it is informed that there is a reasonable ground to believe that the defendant may lack the capacity to proceed or continue to trial or when it is notified that the defendant may proceed with a defense asserting that he or she was suffering from a mental disease *973 or mental defect. Case law has consistently held that this section is not mandatory unless the evidence places the appellant's sanity in doubt and that the decision to order a mental evaluation is discretionary with the trial court. See e.g., Moore v. State, 52 Ala.App. 179, 290 So.2d 246 (1974); Gales v. State, 338 So.2d 436 (Ala.Cr.App.), cert. denied, 338 So.2d 438 (Ala.1976); Duncan v. State, 46 Ala.App. 732, 248 So.2d 771 (1971); Lokos v. Capps, 625 F.2d 1258 (5th Cir.1980). However, the exercise of the trial court's discretion may be reviewed on appeal for abuse. Brown v. State, 45 Ala.App. 391, 231 So.2d 167 (1970). See also Pardue v. State, 661 So.2d 263 (Ala.Cr.App.1993), rev'd on other grounds, 661 So.2d 268 (1994), on remand, 661 So.2d 274 (1995).
Moreover, pursuant to  15-16-23, Code of Alabama 1975, if after a defendant is convicted of capital murder and sentenced to death, a trial court believes that the defendant is then insane, the trial court shall order the execution suspended until the defendant is restored to sanity. The standards and guidelines concerning this Code section are analogous to those concerning the determination of competence to stand trial established in  15-16-22, supra.
Furthermore, the appellant has previously challenged the constitutionality of  15-16-23, Code of Alabama 1975. See Magwood v. Smith, 791 F.2d 1438 (11th Cir. 1986). In that case, the appellant complained that the Alabama statute left the determination of sanity to the trial court's "unbridled discretion" and failed to notify a practitioner "as to what evidence is needed to satisfy the statute's requirement." Id. at 1445-46. The appellant had previously raised this claim in federal district court, wherein the merits were not reached, because the appellant was evaluated and found to be presently sane. The Eleventh Circuit Court of Appeals found that the appellant did have standing to raise this issue and held that Alabama common law set out guidelines for a trial court's determination of a death row inmate's present sanity; specifically whether he has "`sufficient present ability to consult with an attorney with a reasonable degree of rational understanding and whether he has rational as well as factual understanding of the proceedings against him.'" Id. at 1446. The Court of Appeals upheld  15-16-23 against the constitutional challenge, and affirmed the Federal district court's finding that the appellant was sane, competent and capable of assisting counsel pertaining to that petition for a writ of error. Id. at 1446-47. Thus, as this matter was raised and addressed in a previous collateral proceeding, this ground is precluded from review by this court. Rule 32.2(4), Ala. R.Crim.P.
The Order of the trial court dismissing this petition is due to be affirmed.
AFFIRMED.
PATTERSON and COBB, JJ., concur.
TAYLOR, P.J., concurs in part and concurs in the result in part, with opinion, in which LONG, J., joins.
Taylor, Presiding Judge, concurring in part and concurring in the result in part.
I concur in the majority's treatment of the issues regarding the post-conviction hearing, ineffective assistance of counsel, and newly discovered evidence. I concur in the result only as to all the other issues addressed by the majority. The majority affirms the trial court's judgment. The effect of my approach would be to affirm, because I believe that each and every one of those issues is procedurally barred and should not be addressed by the court in this case. I write only to note that we should not and do not consider on the merits any issue that is in a post-conviction proceeding.

APPENDIX A

In the Circuit Court of Coffee County, Alabama

Elba Division

Billy Joe Magwood,

Petitioner,

v.

State of Alabama,

Respondent.

CC 79-7

ORDER
This cause came before the court on Magwood's Petition for Relief from Conviction *974 and Sentence of Death filed pursuant to Temporary Rule 20 (now Rule 32) of the Alabama Rules of Criminal Procedure. The court will continue to apply Temporary Rule 20. See Ex parte Ziglar, 604 So.2d 384 (Ala.1992) The initial petition was filed on June 29, 1990 and amended seven times, the last such amendment being filed on August 6, 1992. On April 15, 1992, and on August 12 and 13, 1992, this court conducted proceedings in connection with the Rule 20 Petition. Certain evidence was not admitted by the Court, and the Court's reasoning in this regard is discussed below. For the reasons set out below, the Petition for Relief from Conviction and Sentence of Death is Denied and Dismissed.

I. APPLICABLE PROCEDURAL BAR LAW

A. The Ineffective Assistance of Counsel Claims

To the extent that Magwood alleges claims relating to the performance of his attorneys at his 1981 capital trial, those claims are barred from review by the Rule 20.1(a) rules of preclusion because those claims were either raised and addressed on appeal or in Magwood's previous collateral petition (filed with the trial court on July 13, 1983), or because they could have been raised in prior proceedings but were not. The Court further notes that a number of Magwood's ineffective assistance of counsel claims were addressed on the merits in Magwood's federal habeas corpus proceedings. Magwood v. Smith, 608 F.Supp. 218 (D.C.Ala.1985). The Federal District Court found those claims to be without merit, and the Eleventh Circuit Court of Appeals affirmed. Magwood v. Smith, 791 F.2d 1438 (11th Cir.1986). The merits of the ineffective assistance of counsel claims which were the subject of the federal habeas proceedings are also barred from consideration by this Court by the doctrine of res judicata.
Magwood also raises claims which purport to challenge the effectiveness of Magwood's counsel during the 1983 error coram nobis and the aforementioned federal habeas corpus proceedings. Those allegations of ineffectiveness of collateral counsel do not state a claim for relief and are not considered further. Coleman v. Thompson, [504 U.S. 188] 112 S.Ct. 1845 [119 L.Ed.2d 1] (1992); Johnson v. Singletary, 938 F.2d 1166 (1991).
Magwood also raises ineffectiveness claims which are directed toward the performance of his attorney during the 1982 and 1983 direct appeal proceedings to the Alabama Court of Criminal Appeals and the Alabama Supreme Court. These claims are without merit because the underlying substantive claims are without merit for the reasons discussed in this Order. Because the claims upon which the direct appeal ineffectiveness claims are based have no merit, counsel's performance cannot have been deficient by not raising those claims. Moreover, because the underlying claims have no merit, the fact that Magwood's lawyer did not raise those claims cannot have resulted in any prejudice to Magwood. Under Strickland v. Washington, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1989), a petitioner seeking relief based upon a claim of ineffective assistance of counsel must establish both that the performance of his attorney was deficient and that the petitioner was prejudiced by the attorney's performance. Washington, 466 U.S. at 687 [104 S.Ct. at 2064]. In order to carry his burden of proof, the petitioner must establish both prongs of the Washington test. Magwood has not carried his burden of proof because he has established neither deficient performance nor resulting prejudice. Magwood is not entitled to relief on his ineffective assistance of appellate counsel claims.

B. The Ineffective Assistance at Resentencing Claims

The principal ineffective assistance of counsel claim contained in the petition deals with the performance of counsel at the 1986 resentencing proceedings. Counsel for the petitioner attempted to offer evidence concerning the Section 13A-5-51(2) and (6) mental state mitigating circumstances at the hearing in this cause. The Court declined to allow the introduction of that evidence.
In the 1985 federal habeas proceedings, the federal courts directed the Coffee County Circuit Court to consider the Code of Alabama, *975 Section 13-11-7(2) and (6) (1975) mental state mitigating circumstances. The federal court found that those two mitigating circumstances were proven by the petitioner's evidence. The petitioner was resentenced on October 2, 1986, and, in its Order, the Coffee County Circuit Court considered all of the evidence, including the mental state mitigating circumstances from Section 13-11-7(2) and (6). The Court then re-weighed the aggravating and mitigating circumstances, found that the aggravating circumstances outweighed the mitigating circumstances, and sentenced petitioner to death. That sentence was upheld by the Alabama appellate courts.
In ruling that Magwood should not be allowed to introduce further mental state evidence in this Rule 20 proceeding, the Court has considered the transcript of Magwood's 1981 trial, the transcript of the 1983 coram nobis proceedings, the Federal Court opinions rendered in Magwood's federal habeas corpus proceedings, the evidence addressed at the April 15, 1992 and August 12 and 13, 1992 hearings before this Court, and the briefs and arguments of counsel. After careful consideration of the foregoing evidence and argument, this Court is convinced that the evidence of the Section 13A-5-51(2) and (6) mitigating circumstances could not have been made stronger than it already was at the time of the resentencing proceeding. Any additional evidence regarding these two mitigating circumstances would have been cumulative of the evidence already before the sentencing court. The testimony concerning these two mitigating circumstances could not have been stronger, especially considering the testimony of psychiatrist Dr. William Rudder, which is quoted in the opinion of the Federal District Court.
Considering the strength of the testimony concerning the Section 13A-5-51(2) and (6) mitigating circumstances, and considering the 1985 resentencing order, this Court is of the opinion that further evidence of those mitigating circumstances would be merely cumulative of the evidence which was before the Court and was in fact considered in the resentencing proceedings. Further, the Court considers that the submission of further mental state evidence would be no more than an attempt to impermissible bolster that testimony. By means of analogy, it would clearly be improper, and in fact reversible error, if the state were to be allowed to present evidence of the facts of a capital defendant's prior crime of violence in an attempt to establish the Section 13A-5-49(2) aggravating circumstance. In other words, the State would be entitled to prove the fact of the prior conviction, but would not be entitled to prove how severely the victim was injured. This situation is no different, and Magwood is not entitled to present cumulative and repetitive evidence concerning mitigating circumstances which were found to exist by the sentencing court.
Further, the evidence which Magwood attempted to present was not received by this Court for the following additional reasons. Josie Caldwell, the petitioner's sister, has previously testified in this case (July 16, 1983 coram nobis hearing). Any testimony from her would have been merely cumulative, and, to the extent that her testimony was different at this hearing, that testimony would have been subject to impeachment on cross-examination. If different testimony was elicited, strategic choices on the part of prior counsel would account for the differences. At any rate, that would amount to nothing more than second-guessing of prior counsel's decisions. That sort of second-guessing is forbidden by binding precedent. Washington, 466 U.S. at 690 [104 S.Ct. at 2065-66].
Dr. Ronald Walker, a psychiatrist, was a member of the Lunacy Commission which evaluated Magwood in 1979. Dr. Walker's opinion at that time was the same as Dr. Rudder's opinion. Dr. Rudder's testimony was introduced in the 1983 coram nobis proceeding and was considered by the Court in pronouncing sentence. It is obvious to this Court that petitioner would not wish to call Dr. Walker as a witness if his opinion had changed. It is also obvious to this Court that Dr. Walker's opinion would be cumulative of the opinion of Dr. Rudder, which was in evidence. Because Dr. Walker had nothing to add, his testimony is not allowed.
*976 Sarah Barnes Magwood was the petitioner's wife. The Court notes that Sarah Magwood stated before this Court that she would have been afraid to testify in the earlier proceedings. Former counsel cannot have been ineffective for not presenting the testimony of a witness who would not have testified.
Emilio Torres served with Magwood in the United States Army in the Republic of Vietnam during 1970-71. Torres testified about experiences he and the petitioner shared during that time. The Court finds that Torres' testimony is cumulative of other evidence which was before the sentencing court and was considered in the sentencing decision.
Dr. Judith Lyons is a psychologist. Because the Section 13A-5-51(2) and (6) mitigating circumstances have been established, and were considered in sentencing, her testimony is not admissible because it would be cumulative.
The testimony of the attorneys who represented Magwood at trial, Stokes and Cassady, is not admissible in this proceeding because claims concerning the adequacy of the representation Magwood received at trial are not before this Court. The only ineffective assistance of counsel claims cognizable in this proceeding relate to the resentencing proceedings, and neither of those attorneys were involved in this case at that time.
J.L. Chestnutt represented Magwood during the direct appeal of his conviction and sentence, during the 1983 coram nobis proceedings, during the federal habeas proceedings, and during the resentencing proceedings and the appeal therefrom. Mr. Chestnutt's testimony is not necessary to the resolution of the ineffective assistance of counsel on direct appeal claims because those claims have no merit. His testimony is not necessary to this Court's resolution of the claims of ineffective assistance of counsel at resentencing for the reasons discussed in this Order.

C. The Procedurally Barred Claims

Alabama has a series of regularly enforced rules of preclusion which bar the presentation of untimely claims in collateral attack proceedings such as this one. These rules preclude a grant of relief based upon a claim which was raised or addressed at trial, a claim which could have been but was not raised at trial, a claim which was raised or addressed on appeal or in any previous collateral proceeding, or upon a claim that could have been but was not raised on appeal. Rule 20.2 Tem.R.Crim.Proc. These rules, which preclude relief based upon an untimely claim, are based upon pre-existing case law. Ex parte Ellison, 410 So.2d 130, 132 (Ala. 1982); Ex parte Rudolph, 276 Ala. 392, 393, [162] So.2d 486, 487, cert. denied, 377 U.S. 919 [84 S.Ct. 1185, 12 L.Ed.2d 188] (1964); Wood v. State, 416 So.2d 794, 799 (Ala.Crim. App.1982); Moore v. State, 415 So.2d 210 [1210] (Ala.Cr.App.), cert. denied, 459 U.S. 1041 [103 S.Ct. 459, 74 L.Ed.2d 610] (1982); Magwood v. Smith, 791 F.2d 1438, 1444 (11th Cir.1986); Julius v. Johnson, 840 F.2d 1533, 1545-1546 (11th Cir.), modified in unrelated part, 854 F.2d 400, cert. denied [488 U.S. 960] 109 S.Ct. 404 [102 L.Ed.2d 392] (1988); Richardson v. Johnson, 864 F.2d 1536, 1539, 1541-43 (11th Cir.1989).
The following claims contained in Magwood's Rule 32 petition are barred from review because they were not raised at trial, on direct appeal, or in Magwood's first coram nobis proceeding:
B. The failure to fully transcribe trial court proceedings deprived petitioner of full appeal and statutorally mandated review of his capital sentence and conviction;
D. Petitioner was deprived of an impartial jury through improper juror exclusion in violation of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution;
E. Petitioner's rights to a fair trial by an impartial jury were violated by the trial court's restrictions on the voir dire examinations of perspective jurors;
F. The State's introduction of prejudicial and inflammatory photographs and diagrams at petitioner's trial violated petitioner's rights;
H. The trial court instructions limiting consideration of mitigating evidence *977 violated petitioner's rights to a constitutional sentencing hearing;
I. Application of the death penalty and execution of mentally diseased persons such as petitioner violates the United States Constitution and the State Constitution of Alabama;
J. Alabama's death penalty is arbitrarily and discriminatorily applied in violation of the Eighth and Fourteenth Amendments;
K. The resentencing court's imposition of a death penalty was contrary to Alabama law and unconstitutional;
N. Petitioner was convicted under an improper test for insanity;
O. Petitioner's constitutional rights were violated by trying and sentencing him as a paranoid schizophrenic while under the treatment and influence of anti-psychotic drugs;
P. Petitioner's conviction and sentence were rendered under the influence of passion and prejudice.
The following claims are barred from review because they were raised and addressed at trial, on appeal, or in Magwood's first coram nobis proceeding:
C. Petitioner's rights to a fair trial by an impartial jury under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution were violated by the trial court's failure to grant a change of venue;
G. The imposition by the resentencing court of an illegal death sentence violated petitioner's rights under the Fifth, Eighth and Fourteenth Amendments;
K. The resentencing court's imposition of the death penalty was contrary to Alabama law and unconstitutional;
L. The sentence imposed is not authorized by law;
M. Newly discovered material facts require that petitioner's conviction and death sentence be vacated;

II. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM
As previously stated in this Order all guilt stage ineffective claims raised in Magwood's petition are procedurally barred. Those claims of ineffective assistance of counsel at Magwood's 1983 error coram nobia are allegations that fail to state a claim for relief pursuant to Coleman v. Thompson, supra and Johnson v. Singletary, supra.
Claims 17(a) through (f), (l), (m), and (dd) of Magwood's petition solely allege the ineffectiveness of trial counsel.
Claim (17)(a) alleges that trial counsel failed to adequately seek a change of venue. In addition to being procedurally barred this claim is without merit because the substantive claim in without merit. See the discussion at pages 23-24 of this Order.
Claim 17(b) alleges that trial counsel was ineffective in failing to adequately examine potential jurors during voir dire. In addition to being procedurally barred, this claim is without merit because the substantive claim is without merit. See the discussion at page 24 of this Order.
Claim 17(c) alleges that trial counsel did not adequately preserve the record by failing to have transcribed portions of the trial and pre-trial proceedings. In addition to being procedurally barred this claim is without merit because the substantive claim is without merit. See the discussion at pages 22-23 of this Order.
Claim 17(d) alleges that trial counsel failed to adequately present a defense strategy. In addition to being procedurally barred this claim is without merit. See the Order and Findings of Fact entered by the trial court pursuant to Magwood's 1983 error coram nobis.
Claim 17(e) alleges that trial counsel failed to adequately investigate and prepare for Magwood's competency hearing. In addition to being procedurally barred this claim is without merit. See the trial court's Order and Findings of Fact entered pursuant to Magwood's 1983 error coram nobis.
Claim 17(f) alleges that trial counsel failed to adequately investigate and secure funds for an independent evaluation of Magwood's *978 mental condition. In addition to being procedurally barred this claim is without merit. Magwood v. Smith, 608 F.Supp. 218 (D.C.Ala.1985), at page 220 heading II.
Claim G is procedurally barred to the extent that it alleges ineffectiveness of trial counsel. To the extent that the claim alleges ineffectiveness on behalf of both trial and appellate counsel for failure to challenge improper closing arguments and misconduct of the prosecutor, the claim is without merit. The closing arguments of the prosecutor as set out in pages 302-310, 321-327, 347-348 of the transcript of Magwood's 1981 trial reflect no improper arguments or other misconduct by the prosecution.
The claim contained in paragraph no. 17(h), to the extent that it alleges ineffectiveness by trial counsel, is procedurally barred. The claim, to the extent that it alleges ineffectiveness by trial and appellate counsel, is without merit because the substantive claim is without merit. See the discussion at pages 24-25 of this Order.
The claim contained in paragraph 17(i), to the extent that it alleges ineffectiveness by trial counsel, is procedurally barred. To the extent that this claim alleges ineffectiveness by both trial and appellate counsel, this claim is without merit. Trial counsel did not fail to investigate and adequately cross-examine the State's witnesses as reflected by both the trial transcript and the trial court's Order and Findings of Fact entered pursuant to Magwood's 1983 error coram nobis proceedings. This claim has no application to appellate counsel.
The claim contained in paragraph no. 17(j), to the extent that it alleges ineffectiveness by trial counsel, is procedurally barred. To the extent that this claim alleges ineffectiveness by both trial and appellate counsel, this claim is without merit. That portion of the claim that trial counsel was ineffective in failing to adequately investigate Magwood's background and adequately prepare for the penalty phase hearing is not a viable claim in that Magwood's original sentence was set aside by the Federal District Court. Magwood v. Smith, [608] F.Supp. 218 (D.C.Ala. 1985), at page 220 heading II. To the extent that this claim alleges ineffectiveness by appellate counsel the claim is without merit as evidenced by the transcript of the 1983 error coram nobis proceeding, and by the Federal District Opinion and Order in remanding Magwood's case to the trial court for resentencing.
The claim contained in paragraph 17(k), to the extent that it alleges ineffectiveness by trial counsel, is procedurally barred. To the extent that this claim alleges ineffective assistance by both trial and appellate counsel, this claim is without merit because the substantive claim is without merit. See the discussion at page 25 of this Order.
The claims contained in paragraphs no. 17(l)-(m) allege ineffective assistance by trial counsel regarding the penalty phase and sentencing of Magwood. These claims, in addition to being procedurally barred, are not viable claims in that Magwood's original sentence was set aside.
The claim contained in paragraph no 17(n) is contained within claim 17(j). This claim is without merit for the reasons set out by the Court under paragraph no. 17(j), above.
The claim contained in paragraph no. 17(o) is without merit. Even if this were true it only proves that petitioner can conform and would not change the sentence given the aggravating circumstances.
The claim contained in paragraph no. 17(p) is without merit. Magwood alleges in this claim that appellate counsel failed to investigate and adequately cross-examine the state witnesses at petitioner's sentence hearing and then lists those state's witnesses that testified at petitioner's 1983 error coram nobis hearing. In light of the fact that Magwood's original sentence was set aside, the Court will assume that petitioner is referring in this claim in his 1983 error coram nobis hearing and his resentencing. The witnesses called on behalf of the state at the 1983 error coram nobis hearing were thoroughly cross-examined by counsel for petitioner evidencing a thorough preparation by counsel on behalf of Magwood (see transcript of 1983 error coram nobis beginning at page 110).
*979 The claim contained in paragraph no. 17(q) is without merit. Petitioner alleges in this claim that appellate counsel failed to have petitioner's mental health evaluated prior to his resentencing hearing. Appellate counsel did in fact have petitioner evaluated and presented mental health evidence at petitioner's 1983 error coram nobis hearing pursuant to this evaluation (see 1983 error coram nobis transcript at 32-61).
The claim contained in paragraph no. 17(r) is without merit. To the extent that petitioner alleges in this claim that appellate counsel failed to present sufficient evidence at resentencing of petitioner's incompetence to stand trial in 1981, this evidence was thoroughly presented to the trial court through the testimony of both Dr. William H. Rudder and Dr. Benjamin Blassingill at petitioner's 1983 error coram nobis hearing (see transcript of 1983 error coram nobis hearing at 4-32, 32-61). To the extent that petitioner alleges in this claim that appellate counsel failed to present sufficient evidence of petitioner's incompetence to participate at his resentencing, this allegation is without merit. On July 13, 1984, by Order of the Federal District Court for the Middle District of Alabama, Northern Division, mental evaluation and examination was performed on petitioner at Taylor Hardin Secure Medical Facility to determine whether Magwood was presently insane. This examination was completed and filed November 26, 1984 finding Magwood to be competent. There was nothing to suggest that petitioner had become incompetent prior to his resentencing hearing held on September 16, 1986.
The claim contained in paragraph no. 17(s) is inclusive of the claim contained in 17(o) and is without merit.
The claim contained in paragraph no. 17(t) is without merit. This claim is not sufficiently pleaded and is barred pursuant to Rule 20.6(b), Tem.R.Crim.Proc.
The claim contained in paragraph no. 17(u) is without merit. Magwood was not entitled by law to a jury at resentencing. See, page 26 of this Order.
The claim contained in paragraph no. 17(v) is without merit. To the extent that this claim alleges that appellate counsel failed to prepared a strategy and effectively argue petitioner's case at resentencing, this allegation is without merit because appellate counsel effectively procured the remandment of petitioner's case to the trial court for resentencing with instructions by the Federal District Court to include those mental state mitigating circumstances that counsel for petitioner had presented to the trial court at the 1983 error coram nobis hearing. Counsel for petitioner could have done no better.
The claim contained in paragraph 17(w), to the extent that this claim alleges that trial counsel failed to challenge the legality of Magwood's sentence on the ground that no aggravating circumstances were found to exist, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, it is without merit. The law is settled that the murder of a law enforcement officer while such officer is on duty is an aggravating circumstance that may be considered by the trial court in imposing the death sentence. See, page 26 of this Order.
The claim contained in paragraph no. 17(x) to the extent that it is alleged in this claim that trial counsel failed to challenge Magwood's death sentence on the ground that the crime for which Magwood was convicted is not generally punished capitally in Alabama, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this a challenge of Magwood's sentence is without merit. The law simply does not support such a challenge. See the discussion at page 26 of this Order.
The claim contained in paragraph no. 17(y) is without merit. None of the issues in Magwood's petition have merit and counsel cannot be ineffective for not raising meritless issues. Lack of communication with petitioner, even if that occurred, does not constitute a claim that merits relief in Alabama or anywhere else for that matter. People v. Kelly [1 Cal.4th 495], 3 Cal.Rptr.2d 677 [822 P.2d 385] (1992).
The claim contained in paragraph no. 17(z), to the extent that it is alleged that trial *980 counsel failed to challenge the inclusion by the trial court of improper aggravating circumstances in sentencing petitioner to death, is procedurally barred. To the extent that this claim alleges the failure of trial and appellate counsel to make this challenge, this claim is without merit. The trial court, at resentencing, specifically found that the only aggravation was that of the offense itself.
The claim contained in paragraph no. 17(aa), to the extent that it is alleged in this claim that trial counsel failed to challenge the court's application of improper findings and standards in finding and weighing the mitigating circumstances at Magwood's sentencing is procedurally barred and moot in that Magwood's original sentencing was set aside. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge at resentencing the claim is without merit. The evidence, as elicited from the court proceedings, supports the finding that the mental disease of petitioner "was not the sole cause of the murder".
The claim contained in paragraph no. 17(bb), to the extent that this claim alleges that trial counsel failed to introduce facts and expert testimony which would have established that Magwood's acts were the product of his mental disease, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to introduce such acts and expert testimony, this claim is without merit. As previously stated, the facts of the case, as established by eyewitnesses to the crime, support the finding that the mental disease of petitioner "was not the sole cause of the murder".
The claim contained in paragraph no. 17(cc) is without merit. This claim is insufficiently pleaded by petitioner and is barred pursuant to Rule 20.6(b) Tem.R.Crim.Proc.
The claim contained in paragraph no 17(dd) is procedurally barred to the extent that it alleges ineffective assistance of trial counsel. The allegation contained in this claim is further barred on the ground that it fails to state a claim upon which relief may be granted.
The claims contained in paragraphs no. 17(ee) and 17(ff) are without merit. There was absolutely no evidence of any conflict of trial counsel in any form or fashion and appellate counsel cannot be held to be ineffective in failing to interview trial counsel regarding possible conflicts when there was not a scintilla of evidence that any such conflict existed to begin with.
The claim contained in paragraph no. 17(gg), to the extent that it is alleged in this claim that trial counsel failed to challenge the court's findings that the offense was "contrived, calculated and previously designed", is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. This claim is contained within petitioner's claim set out in paragraph no. 17(z) of this petition and is without merit for the same reasons set out above.
The claim contained in paragraph no. 17(hh) is procedurally barred and without merit for the same reason as set forth pursuant to petitioner's claims no. 17(z) and 17(gg).
The claim contained in paragraph no. 17(ii), to the extent that this claim alleges that trial counsel failed to challenge instructions to the jury by the trial court regarding the petitioner's mental state and insanity at the time of the offense, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. See the discussion at page 25 of this Order.
The claim contained in paragraph no. 17(jj), to the extent that this claim alleges that trial counsel failed to challenge Magwood's conviction and sentence on the ground that he was rendered competent to stand trial by the administration of anti-psychotic medication, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, the claim is without merit. See the discussion at page 25 of this Order.
The claim contained in paragraph no. 17(kk), to the extent that this claim alleges that trial counsel failed to challenge improper *981 comments by the prosecutor to the jury, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, the claim is without merit. This claim was specifically raised by appellate counsel and addressed by the Federal District Court. Magwood v. Smith, 608 F.Supp. 218 (D.C.Ala.1985), at page 229 heading IX.
The claim contained in paragraph no. 17(ll), to the extent that this claim alleges that trial counsel failed to challenge Magwood's conviction and sentence on the grounds that they were rendered under the influence of passion and prejudice, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. Counsel cannot be held ineffective for failing to make a challenge that has no basis in fact or law.
The claim contained in paragraph no. 17(mm) is without merit. The ineffectiveness of trial counsel was thoroughly raised by appellate counsel at Magwood's 1983 error coram nobis hearing. Appellate counsel again raised the ineffectiveness of trial counsel in Magwood's petitioner for writ of habeas corpus filed in the United States District Court for the Middle District of Alabama, Northern Division, on July 20, 1983. This challenge by petitioner was addressed by the district court. Magwood v. Smith, 608 F.Supp. 218 (D.C.Ala.1985), at page 223.
The claim contained in paragraph no. 17(nn) is without merit. See the discussion at page 24 of this Order.
The claim contained in paragraph no. 17(oo), to the extent that this claim alleges that trial counsel failed to challenge Magwood's conviction on the ground that the evidence of his insanity was overwhelming and uncontradictory, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, that claim is without merit. It is clear from a reading of the transcript of Magwood's trial that the evidence of insanity was in fact contradicted by not only expert testimony, but the facts of the offense as elicited from eyewitnesses. The jury's verdict certainly was not "contrary to the great weight of the evidence." See the discussion at page 27 of this Order.
The claim contained in paragraph no. 17(pp), to the extent that this claim alleges that trial counsel failed to challenge Magwood's conviction and sentence on the grounds of prosecutorial misconduct, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. As the Court has stated previously in this Order, there is absolutely no evidence of prosecutorial misconduct during any portion of Magwood's trial.
The claim contained in paragraph no. 17(qq), to the extent that this claim alleges that trial counsel failed to challenge the admissibility of the testimony of doctors Crook and Cooper, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, the claim is without merit. The length of time that Doctors Crook and Cooper expended in examining petitioner went properly to the weight of their testimony to be considered by the jury and not to the admissibility of such testimony.
The claim contained in paragraph no. 17(rr), to the extent that this claim alleges that trial counsel failed to challenge the improper striking of jurors by the court for cause where no cause existed and the Court's improper restrictions upon voir dire, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. Though petitioner has not sufficiently pleaded this claim, a reading of the transcript fails to disclose any striking of jurors by the court for cause where no cause existed. As to the court's alleged improper restrictions upon voir dire, see the discussion at page 24 of this Order.
The claim contained in paragraph no. 17(ss) is without merit. Appellate counsel is not required to raise on appeal claims that have no merit. The Court has reviewed the trial transcript and finds no merit to Magwood's claim that he was unlawfully denied *982 discovery. (See the transcript of Magwood's 1981 trial at pages 68-74; 397-401; 523.)
The claim contained in paragraph no. 17(tt), to the extent that it alleges that trial counsel failed to challenge the trial court's instruction to the jury that their guilty verdict was dispositive of the existence of the aggravating circumstance permitting the death penalty is procedurally barred. To the extent that this claim contains the allegation that trial and appellate counsel failed to make this challenge, this claim is without merit. See the discussion at page 26 of this Order.
The claim contained in paragraph no. 17(uu), to the extent that it alleges that trial counsel failed to challenge the trial court's determination that petitioner was mentally competent to stand trial without a jury, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. It is not improper for the trial court to make this determination without a jury. See the discussion at page 27 of this Order.

III. THE INDIVIDUAL SUBSTANTIVE CLAIMS

Claim A: Ineffective Assistance of Counsel Claim
Paragraph seventeen of the petitioner's seventh amended petition as corrected on August 5, 1992 contains allegations of counsel's ineffectiveness. Sub-paragraphs (o), (r-v), (aa), and (ff) allege ineffective assistance of counsel at resentencing in 1986. Other allegations in the petition are sufficiently broad to allege ineffective assistance of counsel at resentencing. However, the court rejects the petitioner's right to raise his counsel's ineffective assistance at resentencing because of this court's interpretation of the district court's opinion in Magwood v. Smith, 608 F.Supp. 218 (D.C.Ala.1985).
The petitioner introduced evidence concerning the Section 13-5-51(2) and (6) mitigating circumstances at the beginning of the hearing in this cause. The court allowed the introduction of some evidence and then changed its ruling, refused to allow additional evidence, and stated that the prior admitted evidence was inadmissible.
In the 1985 federal habeas proceedings, the District Court directed the trial court to consider the Code of Alabama, Section 13-11-7(1), (2), (6), and (7) (1975) mitigating circumstances. Magwood v. Smith, supra, at page 228. The District Court found that those two mitigating circumstances were proven by the petitioner's evidence, supra at 225-227. The petitioner was resentenced on October 2, 1986, and, in its Order, the trial court considered all of the evidence, including the mental state mitigating circumstances from Section 13-11-7(2) and (6). The court then reweighed the aggravating and mitigating circumstances, found that the aggravating circumstances outweighed the mitigating circumstances, and sentenced petitioner to death. That sentence was upheld by the Alabama appellate courts. Magwood v. State, 548 So.2d 512 (Ala.Cr.App.1988).
In Magwood v. Smith, 608 F.Supp. 218 (D.C.Ala.1985) the District Court stated:
(Beginning at page 225) The trial judge in his findings specifically rejected the existence of these two mitigating circumstances as has been indicated and rendered sentence accordingly. It is the opinion of this Court that such a factual determination is not fairly supported by the record in this case in light of the overwhelming evidence regarding Magwood's mental condition. Accordingly, pursuant to 28 U.S.C. Section 2254(d)(8), it is the duty of this Court to remand this case for sentencing. While the Court notes that able and experienced state judges in this case have considered the issue of mitigating circumstances and have affirmed (see Magwood v. Smith, 426 So.2d 918, 925 (Ala.Cr.App. 1982) and Ex parte Magwood, 426 So.2d 929, 932 (Ala.1983)), this Court has carefully scrutinized this record and can only conclude that the evidence of the existence of the mitigating factors relating to Magwood's mental state is so overwhelming as to make the trial court's rejection of their existence clearly erroneous. (emphasis added)
(At page 227) This evidence overwhelmingly indicates that defendant suffers from and *983 has for a long time suffered from severe mental defects. (Emphasis added)
(At page 227) Accordingly, while in this Court's opinion the evidence seems particularly strong that petitioner was insane at the time of the offense, this issue is properly left to the state courts. The matter of the existence of mitigating circumstances, however, is an altogether different matter. The. record will simply not fairly support a factual determination which rejects the existence of the mitigating circumstances that this crime was committed while defendant was under the influence of extreme mental or emotional disturbance (Section 13-11-(2)) and that the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired (Section 13-11-7(6)). Even by examining this entire record with the high degree of deference due the state trial court and having indulged a presumption of correctness, Sumner v. Mata, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) with respect to these findings, it is the firm conviction of this Court that these two additional mitigating circumstances exist and that their rejection was error by the trial court. (emphasis added)
It is clear that the District Court found that there was "over whelming evidence" of Magwood's mental condition presented to the trial court at sentencing in 1981. The District Court, several times, referred to the trial court's rejection of this overwhelming evidence. It is this court's opinion that the District Court did not order the trial court to conduct an evidentiary hearing, but only required the trial court to resentence Magwood based upon the evidence of Magwood's mental condition established at the original sentencing hearing.
The test for prejudice resulting from the ineffectiveness of criminal defense counsel requires that there be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Washington, 466 U.S. 668, at 694 [104 S.Ct. 2052 at 2068]. The failure of Magwood's counsel, at resentencing, to offer additional evidence cannot constitute ineffective assistance of counsel, if the reception of such evidence was not intended by the District Court's order. The District Court's order was affirmed. Magwood v. Smith, 791 F.2d 1438 (11th Cir.1986). Furthermore, any additional evidence regarding this matter would have been cumulative of the evidence already before the sentencing court.

Claim B: Failure to Fully Transcribe Trial Court Proceedings Claim
The alleged failure to fully transcribe the trial court proceedings claim contained in paragraphs 18-20 of the Seventh Amended Petition is, as already stated in the Court's Order, procedurally barred because the claim could have been raised at trial but was not. It is also procedurally barred because it could have been raised on appeal but was not. Alternatively, this claim lacks merit.
Magwood has failed to proffer any evidence that the mandate of Code of Alabama, 1975, Section 12-17-275 was not fully complied with by the Court at Magwood's trial. It is the procedure in Coffee County and in this Court that all court proceedings during trial be recorded. There has been no evidence proffered showing Magwood's trial to be an exception. Magwood has not alleged, nor has he demonstrated, that he was prejudiced in any way by any alleged off-the-record jury selection, bench conferences, jury charge conferences, pre-trial hearings, pre-sentencing hearings, and sections of the voir dire proceedings.
The failure to fully transcribe trial court proceedings claim is without merit.

Claim C: The Change of Venue Claim
Magwood has presented no evidence to this Court, to establish his change of venue claim. There is no evidence before this Court at this time, nor has there ever been any such evidence, that there existed actual prejudice against Magwood, or that the community was saturated with prejudicial publicity. Because Magwood can prove neither of those two things, the trial court's denial of Magwood's change of venue motion could not *984 have been an abuse of discretion. Kuenzel v. State, 577 So.2d 474, 483 (Ala.Cr.App.1990), aff'd, 577 So.2d 531 (Ala.1991). This Court has further reviewed the transcript of the voir dire proceedings, and finds that, at the time of voir dire, the responses of the prospective jurors did not demonstrate that Magwood could not receive a fair trial. Voir dire is the proper time to prove a motion for change of venue anyway, and Magwood failed to meet his burden of proof. This claim is without merit.

Claim D: The Juror Exclusion Claim
This claim is without merit because none of the reasons for juror excusal which Magwood claims were insufficient are, in fact, invalid reasons for excusal from jury service. It is hornbook law that jurors must reside in the county in which the trial occurs. It is also a basic premise that a juror must be able to hear in order to serve on a jury. Moreover, Alabama law is settled that a judge has wide discretion in passing upon excuses offered by jurors for their excusal from service. None of the excuses which Magwood claims were deficient are invalid reasons, and these jurors were properly excused.

Claim E: The Individual Voir Dire Claim
This claim is without merit because there is no constitutional right to individual sequestered voir dire. This Court specifically rejects Magwood's claim that there is a constitutional right to individual sequestered voir dire in a capital case. Mu'Min v. Virginia [500 U.S. 415], 111 S.Ct. 1899 [114 L.Ed.2d 493] (1991).

Claim F: The Gruesome Photograph Claim
Magwood claims that photographs were admitted into evidence at the trial of his case which were prejudicial and inflammatory. This claim is without merit because the photographs at issue were relevant to the res gestae of the offense, and were probative of the issues before the jury. Buttrum v. Black, 908 F.2d 695 (11th Cir.1990) [adopting, Buttrum v. Black, 721 F.Supp. 1268, 1302 (N.D.Ga.1989).]; Williams v. Kemp, 846 F.2d 1276, 1282 (11th Cir.1988). This claim is meritless because the photographs were properly admitted.

Claim G: The Illegal Death Sentence Claim
This claim is nothing more than yet another attack on the death sentence imposed by the sentencing court in this case. Magwood claims that various errors occurred, but none of those claimed errors are supported by the record and the evidence before the sentencing court. It is clear to this Court that no improper aggravating circumstances were considered by the sentencing court, and it is equally clear to this Court that murder of a law enforcement officer is a crime for which a sentence of death may be imposed. Cade v. State, 521 So.2d 80 (Ala. Cr.App.1988); Harrell v. State, [470] So.2d 1303 (Ala.Cr.App.1984); Crowe v. State, 485 So.2d 351 (Ala.Cr.App.1984), rev'd on other grounds, 485 So.2d 373 (Ala.1985).

Claim H: The Penalty Phase Jury Instruction Claim
This claim is devoid of any merit because the sentence at issue in connection with this claim is the sentence that was set aside by the Federal District Court.

Claim I: The Application of the Death Penalty To A "Mentally Diseased Person" Claim
This claim is utterly meritless because Magwood has been found competent for execution. Because Magwood meets the competence for execution test established in Ford v. Wainwright, 477 U.S. 399 [106 S.Ct. 2595, 91 L.Ed.2d 335] (1986), and because he has not even suggested that he is incompetent at this time, this claim is rejected.

Claim J: The Arbitrary and Discriminatory Application Claim
Magwood's claim that the death penalty is applied in an arbitrary and discriminatory manner is without merit. McCleskey v. Kemp, 481 U.S. 279 [107 S.Ct. 1756, 95 L.Ed.2d 262] (1987).

*985 Claim K: The Imposition of the Death Sentence on Resentencing Claim

To the extent that Magwood claims that a new jury should have been impaneled at this resentencing proceedings, that claim is meritless because the error which resulted in the resentencing proceeding did not occur at the jury phase of the original trial, but rather occurred at the final judge-sentencing stage, when the mental state mitigating circumstances were not considered by the sentencing court. The situation in this case is not the same situation as that found in Williams v. State, 556 So.2d 737 (Ala.Cr.App.1986), aff'd in part, rev'd in part, 556 So.2d 744 (Ala.1987), where an error did in fact occur at the jury sentencing state. Magwood is not entitled to relief on this claim because it is without merit. To the extent that Magwood attacks other aspects of the resentencing court's Order imposing the death sentence, those claims are without merit.

Claim L: The Claim That The Sentence Imposed Is Not Authorized By Law
The merits of this claim have previously been addressed in connection with the claims which are addressed at page 25 of this Order, above. This claim is without merit for the same reasons that the other claims are without merit.

Claim M: The Newly Discovered Material Facts Claim
The matter which Magwood claims are "newly discovered material facts" are not, in fact, matters falling within that category of evidence. Instead, what Magwood attempts to cast as newly discovered evidence is evidence that was known to the sentencing court at the time of Magwood's 1985 resentencing proceeding, and was in fact considered in passing sentence at that time. Moreover, to the extent that Magwood claims that sentences imposed subsequent to his are in some way relevant to the matters before this Court, that claim is wholly meritless because it would stand reason on its head to suggest that subsequent sentences should be considered in evaluating death sentences imposed previously. To do as Magwood suggests would mean that no sentence of death could ever be carried out because there would always be new death sentences with which the old death sentence should be compared. That is not the law because it is contrary to common sense. This Court rejects that claim as without merit. To the extent that Magwood alleges other "newly discovered evidence", those claims are without merit and do not entitle Magwood to relief.

Claim N: The Rejection Of The Insanity Defense Claim
This claim is without merit because it is not a claim properly cognizable in this proceeding. This claim is not considered on its merits because it is merely an attempt to relitigate issues which have already been decided by the state and federal courts. The guilt phase of the petitioner's trial is not properly before this Court and issues involving the guilt phase of the 1981 trial should not be considered.

Claim O: The Psychiatric Treatment Claim
Magwood's claim that he could not be tried and sentenced while being "treated with large doses of anti-psychotic drugs and tranquilizers" is without merit. Magwood has never claimed that he was involuntarily medicated, and, absent proof that he has at some time objected to medication, his claim fails. Riggins v. Nevada [504 U.S. 127, 112 S.Ct. 1810, 118 L.Ed.2d 479] (1992). Moreover, the State is entitled to an adjudication of a criminal defendant. Illinois v. Allen 397 U.S. 337, 347 [90 S.Ct. 1057, 1063, 25 L.Ed.2d 353] (1970) (Brennan, J. concurring) ("constitutional power to bring an accused to trial is fundamental to a scheme to `ordered liberty' and prerequisite to social justice and peace"). Given the State's right to bring a defendant to trial, and the lack of any evidence on this claim, this claim fails. This claim is without merit.

Claim P: The Passion and prejudice Claim
This claim, like claim N, above, relates to the petitioner's 1981 trial and conviction. *986 Consequently, this Court deems it inappropriate to consider this claim on the merits for the reasons discussed at page 27 of this Order, above.

CONCLUSION
For the reasons set forth in this Order, the Petition for Relief from Conviction and Sentence of Death is hereby Denied and Dismissed. All their pending Motions are Denied.
Done this 13th day of January, 1993.
 /s/ John B. Crawley
 John B. Crawley
 Circuit Judge
NOTES
[1] Section 13-11-2(a)(5) was transferred to  13A-5-31, upon adoption of the Alabama Criminal Code. That section was subsequently repealed by Act No. 81-178, 1981 Ala.Acts, effective July 1, 1981.
[2] The offense occurred after the effective date of the Alabama Criminal Code. The appellant was convicted under the former capital punishment statutory sentence.
[3] Effective January 1, 1991, the Alabama Supreme Court adopted the Alabama Rules of Criminal Procedure, which replaced the Temporary Rules. Rule 32 is the present rule that corresponds to Temp.Rule 20. Although the appellant's petition was filed as Rule 20 petition, we will refer to it as a Rule 32 petition. See Rule 1.5, Ala.Cr.Crim.P.
[4] Although the appellant raises this claim in his brief to the court, it is otherwise unsubstantiated. The record reveals that a number of potential jurors did acknowledge during voir dire examination that they knew the victim.
[5] See e.g., In the matter of Sharon Lynn Lapin, 2 Cal. State Bar Ct.Rptr. 279, 1993 WL 45077 (Feb. 11, 1993); In the matter of Belue, 232 Mont. 365, 766 P.2d 206 (1988); Principe v. Assay Partners, 154 Misc.2d 702, 586 N.Y.S.2d 182 (1992).