We granted the petition for writ of certiorari in this capital case to review the conviction and the sentence. After careful consideration, we affirm the judgment of the Court of Criminal Appeals as to the conviction, and reverse as to the sentence of death. 556 So.2d 737 (Ala.Cr.App. 1986). The issue which requires our reversal and remand for a new sentencing hearing was addressed by the Court of Criminal Appeals as follows:
 "The appellant also argues that the trial court improperly instructed the jury, during the sentencing phase of the trial, that they could consider the fact that the capital offense was committed by a person under sentence of imprisonment as an aggravating circumstance, as provided in § 13A-5-49(1), Code of Alabama (1975). It was later established at the sentencing hearing, however, that the appellant was not on probation, nor was he on parole, at the time that the crime was committed. The appellant argues that mere consideration by the jury of an improper aggravating circumstance requires that the sentence of death be set aside.
 "The trial court, however, is the ultimate sentencing authority under § 13A-5-47(e), Code of Alabama (1975). In the present case, the trial court specifically found that the appellant was not under a sentence of imprisonment at the time of the offense. For this reason, the appellant's death sentence was based only upon consideration of proper aggravating circumstances. Because the trial judge re-weighed the aggravating and mitigating circumstances, and expressly did not consider the incorrect aggravating circumstance, the error in the instruction was harmless."
The defendant aptly states the issue as follows: "Whether allowing the jury to consider improper aggravating circumstances in recommending a sentence was more than harmless error."
The Court of Criminal Appeals reasoned that, because the trial court, as the ultimate sentencing authority, didnot consider illegal evidence ("the incorrect aggravating circumstance") in the sentencing hearing, the trial court's error in permitting the jury to consider such evidence in arriving at its recommendation of the death sentence was harmless. The basic flaw in this rationale is that it totally discounts the significance of the jury's role in the sentencing process.
The legislatively mandated role of the jury in returning an advisory verdict, based upon its consideration of aggravating and mitigating circumstances, can not be abrogated by the trial court's errorless exercise of its equally mandated role as the ultimate sentencing authority. Each part of the sentencing process is equally mandated by the statute (§§ 13A-5-46, -47(e)); and the errorless application by the court of its part does not cure the erroneous application by the jury of its part. For a case consistent with our holding, see Johnsonv. State, 502 So.2d 877 (Ala.Cr.App. 1987). To hold otherwise is to hold that the sentencing role of the jury, as required by statute, counts for nothing so long as the court's exercise of its role is without error.
We emphasize that our holding that the Court of Criminal Appeals erred in its application of the harmless error rule is based upon independent state law grounds and upon statutory construction. We reverse as to the judgment of sentence and remand to the Court of Criminal Appeals with instructions to remand this cause for a new sentencing hearing before a jury and before the court as required by law.
AFFIRMED IN PART (AS TO THE CONVICTION); REVERSED IN PART (AS TO THE SENTENCE); AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and ALMON, SHORES and ADAMS, JJ., concur.
MADDOX, BEATTY, HOUSTON and STEAGALL, JJ., dissent.