ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the circuit court for a new jury sentencing hearing, pursuant to Ex parte Williams, 556 So.2d *337 744 (Ala.1987). A new jury sentencing hearing began on February 21, 1989, and, after the evidence was presented, the jury weighed the aggravating and mitigating circumstances and returned a recommendation of death. Thereafter, the trial court conducted its own independent weighing of the aggravating and mitigating circumstances and accepted the jury’s recommendation, sentencing the appellant to death.
In accordance with § 13A-5-53, Code of Alabama (1975), we have reviewed the record, including the guilt and sentencing proceedings, for any error which adversely affected the rights of the appellant, and we have found none. Nor do we find any evidence that the sentence was imposed under the influence of passion, prejudice, or any other arbitrary factor. Although the appellant argues that the trial court improperly failed to allow him to rehabilitate a veniremember concerning his attitude toward capital punishment, the record indicates that the prospective juror had clearly stated that he could never vote for death. The record indicates that the following occurred during voir dire:
“[DEFENSE COUNSEL]: May I ask him a question before we challenge all these jurors?
“THE COURT: Sure. Ask him a question.
“[DEFENSE COUNSEL]: Mr. Jordan, without trying to embarrass you in any way, are you saying if you are selected on a jury, you are going to take an oath to apply the law that the Court tells you is appropriate. Are you telling the Court that you would ignore the oath in reaching your sentence?
“THE COURT: That wasn’t the question asked him. He’s not going to ignore any oath. I don’t think there’s a juror here that would do that. But to the specific question — and I’ll let him restate it any way he wants to restate it — are there any facts and circumstances under which you, if you sat as a juror, could recommend to the Court death by electrocution? Yes or no?
“PROSPECTIVE JUROR: No.
“[PROSECUTOR]: We would again renew—
“THE COURT: I granted it.”
The trial court did not disallow further questioning and indicated that the defense counsel could ask any question as long as it was restated. The particular question asked was whether the juror would follow his oath and was confusing as to its purpose.
The trial court properly found the existence of two aggravating circumstances: that the capital offense was committed while the appellant was engaged in the commission of a robbery; and that the capital offense was especially heinous, atrocious, or cruel compared to other capital offenses. The appellant was convicted of murder during a robbery, pursuant to § 13A-5-40(a)(2), and, therefore, the finding of the first aggravating circumstance was proper under § 13A-5-50, Code of Alabama (1975). Although the appellant argues that the trial court improperly found the existence of the second aggravating circumstance, arguing that such a finding was contrary to the United States Supreme Court’s holding in Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), this argument has been determined adversely to the appellant in Bui v. State, 551 So.2d 1094 (Ala.Cr.App.1988), affirmed, Ex parte Bui, 551 So.2d 1125 (Ala.1989). This court determined that in Maynard v. Cartwright, supra, the Supreme Court did not strike down this aggravating circumstance as facially unconstitutional, but rather held that it was unconstitutionally applied in that particular case, as the jury was given no guidance as to the facts to which it should pertain. In Bui v. State, supra, this court held that, because the trial judge instructed the jury on the meaning of the words of the aggravating circumstance, and because the trial court applied the correct standard for finding the aggravating circumstance, pursuant to Ex parte Kyser, 399 So.2d 330, 334 (Ala.1981), the sentence was not reversible. In the present case, the trial court also correctly applied the standard for finding the aggravating circumstances pursu *338 ant to Ex parte Kyser, supra, in stating that, “[i]t is the opinion of this Court that the consciousless [sic], pitiless crime of the defendant exceeds the degree of brutality normally present in other capital offenses.” The trial court also instructed the jury as to the meaning of the aggravating circumstance. The evidence clearly established that the killing was especially torturous to the victim. Ex parte Kyser, supra, at 334. The trial court stated in its sentence findings regarding this aggravating circumstance:
“Testimony at trial revealed that the victim, William Claude Parker, had been savagely beaten with a two-by-four. According to Dr. Gary Cumberland, a forensic pathologist who performed the autopsy on Mr. Parker, the victim suffered fractures to his skull and upper jawbone; his throat was slashed from ear to ear— the wound being nine inches long and some three and one-quarter inches deep. Additionally, Dr. Cumberland testified that the victim was stabbed six times, with the deepest stab wound being four and one-quarter inches deep.”
This evidence supports a finding that the killing was unnecessarily torturous to the victim and especially heinous, atrocious, or cruel.
The trial court found the existence of no mitigating circumstances. As determined by the trial judge, there was no evidence to support any mitigating circumstances in this case. Thus, the trial court’s findings concerning the aggravating and mitigating circumstances are supported by the evidence.
The sentence of death in this case is neither excessive nor disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant. See Acres v. State, 548 So.2d 459 (Ala.Cr.App.1987); Baldwin v. State, 456 So.2d 117 (Ala.Cr.App.1983), affirmed, 456 So.2d 129 (Ala.1984), cert. denied, Baldwin v. Alabama, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985); Beck v. State, 396 So.2d 645 (Ala.1980) (two-thirds of Alabama death sentences are for murder during a robbery, 396 So.2d at 654 n. 5.).
The record is devoid of any plain error. Therefore, the appellant’s sentence of death was proper. The circuit court’s judgment of sentence is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.