COLEMAN *v.* THOMPSON, WARDEN, ET AL.

No. A–877 (91–8336).   Decided May 20, 1992

PER CURIAM.

As the District Court below observed, this is now the 12th round of judicial review in a murder case which began 11 years ago.   Yet despite having had 11 years to produce exculpatory evidence, Coleman has produced what, in the words of the District Court, does not even amount to a "colorable showing of 'actual innocence.'"   Civ. Action No. 92–0352–R (WD Va., May 12, 1992), p. 19.   We are hardly well positioned to second-guess the District Court's factual conclusion—we certainly have no basis for concluding that Coleman has produced "*substantial* evidence that he may be innocent."   *Post,* at 189 (emphasis added).   Indeed, a good deal of Coleman's effort in this latest round is devoted to an attempt to undermine an expert's genetic analysis that further implicated him in the crime—an analysis conducted after trial at *Coleman's* request under the supervision of the Commonwealth's courts.

Contrary to the dissent's characterization, Coleman's claim is far from "substantially identical" to that of Leonel Herrera, see *Herrera* v. *Collins,* No. 91–7328, cert. granted, 502 U. S. 1085 (1992).   In *Herrera* the District Court concluded that the evidence of innocence warranted further inquiry.

See 954 F. 2d 1029 (CA5 1992). Here, in contrast, the District Court reviewed Coleman's claim of innocence and rejected it on the merits.

The application for stay of execution presented to THE CHIEF JUSTICE and by him referred to the full Court is denied.

*It is so ordered.*

JUSTICE STEVENS concurs in the denial of a stay and would deny the petition for writ of certiorari.

JUSTICE BLACKMUN, dissenting.

Last Term the Court ruled that Roger Coleman could not present his arguments on the merits to the federal courts, simply because the person then acting as his attorney had made a trivial error in filing his notice of appeal three days late. *Coleman* v. *Thompson*, 501 U. S. 722 (1991). While I dissented from that ruling—and still believe it was erroneous—I found some consolation in the Court's suggestion that matters might have been different had Coleman argued that he was actually innocent of the crime. See *id.*, at 747–751, 757.

Coleman has now produced substantial evidence that he may be innocent of the crime for which he was sentenced to die. Yet the Court once again turns him away, this time permitting the Commonwealth of Virginia to execute him without a hearing at which his evidence could be fully presented. The Court's ruling is all the more troubling for me, in view of this Court's decision to hear argument next Term in a case in which the petitioner contends, just as Coleman does, that evidence of his innocence entitles him to a hearing on the merits. *Herrera* v. *Collins*, No. 91–7328, cert. granted, 502 U. S. 1085 (1992).

I have previously voted to stay an execution pending this Court's decision next Term in *Herrera*. See *Ellis* v. *Texas*, 503 U. S. 915 (1992); *Ellis* v. *Collins*, 503 U. S. 915 (1992). I

cannot believe that Coleman, who raises a substantially identical claim, should be denied all possibility of relief simply because his petition reached this Court later than did Leonel Herrera's. Accordingly, I would stay the execution.

JUSTICE SOUTER would grant the application for stay of execution.