I concur in the majority's treatment of the issues regarding the post-conviction hearing, ineffective assistance of counsel, and newly discovered evidence. I concur in the result only as to all the other issues addressed by the majority. The majority affirms the trial court's judgment. The effect of my approach would be to affirm, because I believe that each and every one of those issues is procedurally barred and should not be addressed by the court in this case. I write only to note that we should not and do not consider on the merits any issue that is in a post-conviction proceeding.
 APPENDIX A In the Circuit Court of Coffee County, Alabama
Elba Division
Billy Joe Magwood,
Petitioner,
 v.
State of Alabama,
Respondent.
CC 79-7
 ORDER
This cause came before the court on Magwood's Petition for Relief from Conviction *Page 974 
and Sentence of Death filed pursuant to Temporary Rule 20 (now Rule 32) of the Alabama Rules of Criminal Procedure. The court will continue to apply Temporary Rule 20. See Ex parte Ziglar,604 So.2d 384 (Ala. 1992) The initial petition was filed on June 29, 1990 and amended seven times, the last such amendment being filed on August 6, 1992. On April 15, 1992, and on August 12 and 13, 1992, this court conducted proceedings in connection with the Rule 20 Petition. Certain evidence was not admitted by the Court, and the Court's reasoning in this regard is discussed below. For the reasons set out below, the Petition for Relief from Conviction and Sentence of Death is Denied and Dismissed.
 I. APPLICABLE PROCEDURAL BAR LAW A. The Ineffective Assistance of Counsel Claims
To the extent that Magwood alleges claims relating to the performance of his attorneys at his 1981 capital trial, those claims are barred from review by the Rule 20.1(a) rules of preclusion because those claims were either raised and addressed on appeal or in Magwood's previous collateral petition (filed with the trial court on July 13, 1983), or because they could have been raised in prior proceedings but were not. The Court further notes that a number of Magwood's ineffective assistance of counsel claims were addressed on the merits in Magwood's federal habeas corpus proceedings.Magwood v. Smith, 608 F. Supp. 218 (D.C.Ala. 1985). The Federal District Court found those claims to be without merit, and the Eleventh Circuit Court of Appeals affirmed. Magwood v. Smith,791 F.2d 1438 (11th Cir. 1986); The merits of the ineffective assistance of counsel claims which were the subject of the federal habeas proceedings are also barred from consideration by this Court by the doctrine of res judicata.
Magwood also raises claims which purport to challenge the effectiveness of Magwood's counsel during the 1983 error coram nobis and the aforementioned federal habeas corpus proceedings. Those allegations of ineffectiveness of collateral counsel do not state a claim for relief and are not considered further.Coleman v. Thompson, [504 U.S. 188] 112 S.Ct. 1845
[119 L.Ed.2d 1] (1992); Johnson v. Singletary, 938 F.2d 1166 (1991).
Magwood also raises ineffectiveness claims which are directed toward the performance of his attorney during the 1982 and 1983 direct appeal proceedings to the Alabama Court of Criminal Appeals and the Alabama Supreme Court. These claims are without merit because the underlying substantive claims are without merit for the reasons discussed in this Order. Because the claims upon which the direct appeal ineffectiveness claims are based have no merit, counsel's performance cannot have been deficient by not raising those claims. Moreover, because the underlying claims have no merit, the fact that Magwood's lawyer did not raise those claims cannot have resulted in any prejudice to Magwood. Under Strickland v. Washington,466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1989), a petitioner seeking relief based upon a claim of ineffective assistance of counsel must establish both that the performance of his attorney was deficient and that the petitioner was prejudiced by the attorney's performance. Washington, 466 U.S. at 687
[104 S.Ct. at 2064]. In order to carry his burden of proof, the petitioner must establish both prongs of the Washington test. Magwood has not carried his burden of proof because he has established neither deficient performance nor resulting prejudice. Magwood is not entitled to relief on his ineffective assistance of appellate counsel claims.
 B. The Ineffective Assistance at Resentencing Claims
The principal ineffective assistance of counsel claim contained in the petition deals with the performance of counsel at the 1986 resentencing proceedings. Counsel for the petitioner attempted to offer evidence concerning the Section13A-5-51(2) and (6) mental state mitigating circumstances at the hearing in this cause. The Court declined to allow the introduction of that evidence.
In the 1985 federal habeas proceedings, the federal courts directed the Coffee County Circuit Court to consider theCode of Alabama, *Page 975 
Section 13-11-7(2) and (6) (1975) mental state mitigating circumstances. The federal court found that those two mitigating circumstances were proven by the petitioner's evidence. The petitioner was resentenced on October 2, 1986, and, in its Order, the Coffee County Circuit Court considered all of the evidence, including the mental state mitigating circumstances from Section 13-11-7(2) and (6). The Court then re-weighed the aggravating and mitigating circumstances, found that the aggravating circumstances outweighed the mitigating circumstances, and sentenced petitioner to death. That sentence was upheld by the Alabama appellate courts.
In ruling that Magwood should not be allowed to introduce further mental state evidence in this Rule 20 proceeding, the Court has considered the transcript of Magwood's 1981 trial, the transcript of the 1983 coram nobis proceedings, the Federal Court opinions rendered in Magwood's federal habeas corpus proceedings, the evidence addressed at the April 15, 1992 and August 12 and 13, 1992 hearings before this Court, and the briefs and arguments of counsel. After careful consideration of the foregoing evidence and argument, this Court is convinced that the evidence of the Section 13A-5-51(2) and (6) mitigating circumstances could not have been made stronger than it already was at the time of the resentencing proceeding. Any additional evidence regarding these two mitigating circumstances would have been cumulative of the evidence already before the sentencing court. The testimony concerning these two mitigating circumstances could not have been stronger, especially considering the testimony of psychiatrist Dr. William Rudder, which is quoted in the opinion of the Federal District Court.
Considering the strength of the testimony concerning the Section 13A-5-51(2) and (6) mitigating circumstances, and considering the 1985 resentencing order, this Court is of the opinion that further evidence of those mitigating circumstances would be merely cumulative of the evidence which was before the Court and was in fact considered in the resentencing proceedings. Further, the Court considers that the submission of further mental state evidence would be no more than an attempt to impermissible bolster that testimony. By means of analogy, it would clearly be improper, and in fact reversible error, if the state were to be allowed to present evidence of the facts of a capital defendant's prior crime of violence in an attempt to establish the Section 13A-5-49(2) aggravating circumstance. In other words, the State would be entitled to prove the fact of the prior conviction, but would not be entitled to prove how severely the victim was injured. This situation is no different, and Magwood is not entitled to present cumulative and repetitive evidence concerning mitigating circumstances which were found to exist by the sentencing court.
Further, the evidence which Magwood attempted to present was not received by this Court for the following additional reasons. Josie Caldwell, the petitioner's sister, has previously testified in this case (July 16, 1983 coram nobis hearing). Any testimony from her would have been merely cumulative, and, to the extent that her testimony was different at this hearing, that testimony would have been subject to impeachment on cross-examination. If different testimony was elicited, strategic choices on the part of prior counsel would account for the differences. At any rate, that would amount to nothing more than second-guessing of prior counsel's decisions. That sort of second-guessing is forbidden by binding precedent.Washington, 466 U.S. at 690 [104 S.Ct. at 2065-66].
Dr. Ronald Walker, a psychiatrist, was a member of the Lunacy Commission which evaluated Magwood in 1979. Dr. Walker's opinion at that time was the same as Dr. Rudder's opinion. Dr. Rudder's testimony was introduced in the 1983 coram nobis proceeding and was considered by the Court in pronouncing sentence. It is obvious to this Court that petitioner would not wish to call Dr. Walker as a witness if his opinion had changed. It is also obvious to this Court that Dr. Walker's opinion would be cumulative of the opinion of Dr. Rudder, which was in evidence. Because Dr. Walker had nothing to add, his testimony is not allowed. *Page 976 
Sarah Barnes Magwood was the petitioner's wife. The Court notes that Sarah Magwood stated before this Court that she would have been afraid to testify in the earlier proceedings. Former counsel cannot have been ineffective for not presenting the testimony of a witness who would not have testified.
Emilio Torres served with Magwood in the United States Army in the Republic of Vietnam during 1970-71. Torres testified about experiences he and the petitioner shared during that time. The Court finds that Torres' testimony is cumulative of other evidence which was before the sentencing court and was considered in the sentencing decision.
Dr. Judith Lyons is a psychologist. Because the Section13A-5-51(2) and (6) mitigating circumstances have been established, and were considered in sentencing, her testimony is not admissible because it would be cumulative.
The testimony of the attorneys who represented Magwood at trial, Stokes and Cassady, is not admissible in this proceeding because claims concerning the adequacy of the representation Magwood received at trial are not before this Court. The only ineffective assistance of counsel claims cognizable in this proceeding relate to the resentencing proceedings, and neither of those attorneys were involved in this case at that time.
J.L. Chestnutt represented Magwood during the direct appeal of his conviction and sentence, during the 1983 coram nobis proceedings, during the federal habeas proceedings, and during the resentencing proceedings and the appeal therefrom. Mr. Chestnutt's testimony is not necessary to the resolution of the ineffective assistance of counsel on direct appeal claims because those claims have no merit. His testimony is not necessary to this Court's resolution of the claims of ineffective assistance of counsel at resentencing for the reasons discussed in this Order.
 C. The Procedurally Barred Claims
Alabama has a series of regularly enforced rules of preclusion which bar the presentation of untimely claims in collateral attack proceedings such as this one. These rules preclude a grant of relief based upon a claim which was raised or addressed at trial, a claim which could have been but was not raised at trial, a claim which was raised or addressed on appeal or in any previous collateral proceeding, or upon a claim that could have been but was not raised on appeal. Rule 20.2 Tem.R.Crim.Proc. These rules, which preclude relief based upon an untimely claim, are based upon pre-existing case law.Ex parte Ellison, 410 So.2d 130, 132 (Ala. 1982); Ex parteRudolph, 276 Ala. 392, 393, [162] So.2d 486, 487, cert. denied,377 U.S. 919 [84 S.Ct. 1185, 12 L.Ed.2d 188] (1964); Wood v.State, 416 So.2d 794, 799 (Ala.Crim.App. 1982); Moore v.State, 415 So.2d 210 [1210] (Ala.Cr.App.), cert. denied,459 U.S. 1041 [103 S.Ct. 459, 74 L.Ed.2d 610] (1982); Magwood v.Smith, 791 F.2d 1438, 1444 (11th Cir. 1986); Julius v. Johnson,840 F.2d 1533, 1545-1546 (11th Cir.), modified in unrelatedpart, 854 F.2d 400, cert. denied [488 U.S. 960] 109 S.Ct. 404
[102 L.Ed.2d 392] (1988); Richardson v. Johnson, 864 F.2d 1536,1539, 1541-43 (11th Cir. 1989).
The following claims contained in Magwood's Rule 32 petition are barred from review because they were not raised at trial, on direct appeal, or in Magwood's first coram nobis proceeding:
 B. The failure to fully transcribe trial court proceedings deprived petitioner of full appeal and statutorily mandated review of his capital sentence and conviction;
 D. Petitioner was deprived of an impartial jury through improper juror exclusion in violation of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution;
 E. Petitioner's rights to a fair trial by an impartial jury were violated by the trial court's restrictions on the voir dire
examinations of perspective jurors;
 F. The State's introduction of prejudicial and inflammatory photographs and diagrams at petitioner's trial violated petitioner's rights;
 H. The trial court instructions limiting consideration of mitigating evidence *Page 977 
violated petitioner's rights to a constitutional sentencing hearing;
 I. Application of the death penalty and execution of mentally diseased persons such as petitioner violates the United States Constitution and the State Constitution of Alabama;
 J. Alabama's death penalty is arbitrarily and discriminatorily applied in violation of the Eighth and Fourteenth Amendments;
 K. The resentencing court's imposition of a death penalty was contrary to Alabama law and unconstitutional;
 N. Petitioner was convicted under an improper test for insanity;
 O. Petitioner's constitutional rights were violated by trying and sentencing him as a paranoid schizophrenic while under the treatment and influence of anti-psychotic drugs;
 P. Petitioner's conviction and sentence were rendered under the influence of passion and prejudice.
The following claims are barred from review because they were raised and addressed at trial, on appeal, or in Magwood's first coram nobis proceeding:
 C. Petitioner's rights to a fair trial by an impartial jury under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution were violated by the trial court's failure to grant a change of venue;
 G. The imposition by the resentencing court of an illegal death sentence violated petitioner's rights under the Fifth, Eighth and Fourteenth Amendments;
 K. The resentencing court's imposition of the death penalty was contrary to Alabama law and unconstitutional;
L. The sentence imposed is not authorized by law;
 M. Newly discovered material facts require that petitioner's conviction and death sentence be vacated;
 II. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM
As previously stated in this Order all guilt stage ineffective claims raised in Magwood's petition are procedurally barred. Those claims of ineffective assistance of counsel at Magwood's 1983 error coram nobia are allegations that fail to state a claim for relief pursuant to Coleman v.Thompson, supra and Johnson v. Singletary, supra.
Claims 17(a) through (f), (l), (m), and (dd) of Magwood's petition solely allege the ineffectiveness of trial counsel.
Claim (17)(a) alleges that trial counsel failed to adequately seek a change of venue. In addition to being procedurally barred this claim is without merit because the substantive claim in without merit. See the discussion at pages 23-24 of this Order.
Claim 17(b) alleges that trial counsel was ineffective in failing to adequately examine potential jurors during voir dire. In addition to being procedurally barred, this claim is without merit because the substantive claim is without merit. See the discussion at page 24 of this Order.
Claim 17(c) alleges that trial counsel did not adequately preserve the record by failing to have transcribed portions of the trial and pre-trial proceedings. In addition to being procedurally barred this claim is without merit because the substantive claim is without merit. See the discussion at pages 22-23 of this Order.
Claim 17(d) alleges that trial counsel failed to adequately present a defense strategy. In addition to being procedurally barred this claim is without merit. See the Order and Findings of Fact entered by the trial court pursuant to Magwood's 1983 error coram nobis.
Claim 17(e) alleges that trial counsel failed to adequately investigate and prepare for Magwood's competency hearing. In addition to being procedurally barred this claim is without merit. See the trial court's Order and Findings of Fact entered pursuant to Magwood's 1983 error coram nobis.
Claim 17(f) alleges that trial counsel failed to adequately investigate and secure funds for an independent evaluation of Magwood's *Page 978 
mental condition. In addition to being procedurally barred this claim is without merit. Magwood v. Smith, 608 F. Supp. 218
(D.C.Ala. 1985), at page 220 heading II.
Claim G is procedurally barred to the extent that it alleges ineffectiveness of trial counsel. To the extent that the claim alleges ineffectiveness on behalf of both trial and appellate counsel for failure to challenge improper closing arguments and misconduct of the prosecutor, the claim is without merit. The closing arguments of the prosecutor as set out in pages 302-310, 321-327, 347-348 of the transcript of Magwood's 1981 trial reflect no improper arguments or other misconduct by the prosecution.
The claim contained in paragraph no. 17(h), to the extent that it alleges ineffectiveness by trial counsel, is procedurally barred. The claim, to the extent that it alleges ineffectiveness by trial and appellate counsel, is without merit because the substantive claim is without merit. See the discussion at pages 24-25 of this Order.
The claim contained in paragraph 17(i), to the extent that it alleges ineffectiveness by trial counsel, is procedurally barred. To the extent that this claim alleges ineffectiveness by both trial and appellate counsel, this claim is without merit. Trial counsel did not fail to investigate and adequately cross-examine the State's witnesses as reflected by both the trial transcript and the trial court's Order and Findings of Fact entered pursuant to Magwood's 1983 error coram nobis proceedings. This claim has no application to appellate counsel.
The claim contained in paragraph no. 17(j), to the extent that it alleges ineffectiveness by trial counsel, is procedurally barred. To the extent that this claim alleges ineffectiveness by both trial and appellate counsel, this claim is without merit. That portion of the claim that trial counsel was ineffective in failing to adequately investigate Magwood's background and adequately prepare for the penalty phase hearing is not a viable claim in that Magwood's original sentence was set aside by the Federal District Court. Magwood v. Smith, [608] F. Supp. 218 (D.C.Ala. 1985), at page 220 heading II. To the extent that this claim alleges ineffectiveness by appellate counsel the claim is without merit as evidenced by the transcript of the 1983 error coram nobis proceeding, and by the Federal District Opinion and Order in remanding Magwood's case to the trial court for resentencing.
The claim contained in paragraph 17(k), to the extent that it alleges ineffectiveness by trial counsel, is procedurally barred. To the extent that this claim alleges ineffective assistance by both trial and appellate counsel, this claim is without merit because the substantive claim is without merit. See the discussion at page 25 of this Order.
The claims contained in paragraphs no. 17(l)-(m) allege ineffective assistance by trial counsel regarding the penalty phase and sentencing of Magwood. These claims, in addition to being procedurally barred, are not viable claims in that Magwood's original sentence was set aside.
The claim contained in paragraph no 17(n) is contained within claim 17(j). This claim is without merit for the reasons set out by the Court under paragraph no. 17(j), above.
The claim contained in paragraph no. 17(o) is without merit. Even if this were true it only proves that petitioner can conform and would not change the sentence given the aggravating circumstances.
The claim contained in paragraph no. 17(p) is without merit. Magwood alleges in this claim that appellate counsel failed to investigate and adequately cross-examine the state witnesses at petitioner's sentence hearing and then lists those state's witnesses that testified at petitioner's 1983 error coram nobis hearing. In light of the fact that Magwood's original sentence was set aside, the Court will assume that petitioner is referring in this claim in his 1983 error coram nobis hearing and his resentencing. The witnesses called on behalf of the state at the 1983 error coram nobis hearing were thoroughly cross-examined by counsel for petitioner evidencing a thorough preparation by counsel on behalf of Magwood (see transcript of 1983 error coram nobis beginning at page 110). *Page 979 
The claim contained in paragraph no. 17(q) is without merit. Petitioner alleges in this claim that appellate counsel failed to have petitioner's mental health evaluated prior to his resentencing hearing. Appellate counsel did in fact have petitioner evaluated and presented mental health evidence at petitioner's 1983 error coram nobis hearing pursuant to this evaluation (see 1983 error coram nobis transcript at 32-61).
The claim contained in paragraph no. 17(r) is without merit. To the extent that petitioner alleges in this claim that appellate counsel failed to present sufficient evidence at resentencing of petitioner's incompetence to stand trial in 1981, this evidence was thoroughly presented to the trial court through the testimony of both Dr. William H. Rudder and Dr. Benjamin Blassingill at petitioner's 1983 error coram nobis hearing (see transcript of 1983 error coram nobis hearing at 4-32, 32-61). To the extent that petitioner alleges in this claim that appellate counsel failed to present sufficient evidence of petitioner's incompetence to participate at his resentencing, this allegation is without merit. On July 13, 1984, by Order of the Federal District Court for the Middle District of Alabama, Northern Division, mental evaluation and examination was performed on petitioner at Taylor Hardin Secure Medical Facility to determine whether Magwood was presently insane. This examination was completed and filed November 26, 1984 finding Magwood to be competent. There was nothing to suggest that petitioner had become incompetent prior to his resentencing hearing held on September 16, 1986.
The claim contained in paragraph no. 17(s) is inclusive of the claim contained in 17(o) and is without merit.
The claim contained in paragraph no. 17(t) is without merit. This claim is not sufficiently pleaded and is barred pursuant to Rule 20.6(b), Tem.R.Crim.Proc.
The claim contained in paragraph no. 17(u) is without merit. Magwood was not entitled by law to a jury at resentencing.See, page 26 of this Order.
The claim contained in paragraph no. 17(v) is without merit. To the extent that this claim alleges that appellate counsel failed to prepared a strategy and effectively argue petitioner's case at resentencing, this allegation is without merit because appellate counsel effectively procured the remandment of petitioner's case to the trial court for resentencing with instructions by the Federal District Court to include those mental state mitigating circumstances that counsel for petitioner had presented to the trial court at the 1983 error coram nobis hearing. Counsel for petitioner could have done no better.
The claim contained in paragraph 17(w), to the extent that this claim alleges that trial counsel failed to challenge the legality of Magwood's sentence on the ground that no aggravating circumstances were found to exist, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, it is without merit. The law is settled that the murder of a law enforcement officer while such officer is on duty is an aggravating circumstance that may be considered by the trial court in imposing the death sentence. See, page 26 of this Order.
The claim contained in paragraph no. 17(x) to the extent that it is alleged in this claim that trial counsel failed to challenge Magwood's death sentence on the ground that the crime for which Magwood was convicted is not generally punished capitally in Alabama, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this a challenge of Magwood's sentence is without merit. The law simply does not support such a challenge. See the discussion at page 26 of this Order.
The claim contained in paragraph no. 17(y) is without merit. None of the issues in Magwood's petition have merit and counsel cannot be ineffective for not raising meritless issues. Lack of communication with petitioner, even if that occurred, does not constitute a claim that merits relief in Alabama or anywhere else for that matter. People v. Kelly [1 Cal.4th 495],3 Cal.Rptr.2d 677 [822 P.2d 385] (1992).
The claim contained in paragraph no. 17(z), to the extent that it is alleged that trial *Page 980 
counsel failed to challenge the inclusion by the trial court of improper aggravating circumstances in sentencing petitioner to death, is procedurally barred. To the extent that this claim alleges the failure of trial and appellate counsel to make this challenge, this claim is without merit. The trial court, at resentencing, specifically found that the only aggravation was that of the offense itself.
The claim contained in paragraph no. 17(aa), to the extent that it is alleged in this claim that trial counsel failed to challenge the court's application of improper findings and standards in finding and weighing the mitigating circumstances at Magwood's sentencing is procedurally barred and moot in that Magwood's original sentencing was set aside. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge at resentencing the claim is without merit. The evidence, as elicited from the court proceedings, supports the finding that the mental disease of petitioner "was not the sole cause of the murder".
The claim contained in paragraph no. 17(bb), to the extent that this claim alleges that trial counsel failed to introduce facts and expert testimony which would have established that Magwood's acts were the product of his mental disease, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to introduce such acts and expert testimony, this claim is without merit. As previously stated, the facts of the case, as established by eyewitnesses to the crime, support the finding that the mental disease of petitioner "was not the sole cause of the murder".
The claim contained in paragraph no. 17(cc) is without merit. This claim is insufficiently pleaded by petitioner and is barred pursuant to Rule 20.6(b) Tem.R.Crim.Proc.
The claim contained in paragraph no 17(dd) is procedurally barred to the extent that it alleges ineffective assistance of trial counsel. The allegation contained in this claim is further barred on the ground that it fails to state a claim upon which relief may be granted.
The claims contained in paragraphs no. 17(ee) and 17(ff) are without merit. There was absolutely no evidence of any conflict of trial counsel in any form or fashion and appellate counsel cannot be held to be ineffective in failing to interview trial counsel regarding possible conflicts when there was not a scintilla of evidence that any such conflict existed to begin with.
The claim contained in paragraph no. 17(gg), to the extent that it is alleged in this claim that trial counsel failed to challenge the court's findings that the offense was "contrived, calculated and previously designed", is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. This claim is contained within petitioner's claim set out in paragraph no. 17(z) of this petition and is without merit for the same reasons set out above.
The claim contained in paragraph no. 17(hh) is procedurally barred and without merit for the same reason as set forth pursuant to petitioner's claims no. 17(z) and 17(gg).
The claim contained in paragraph no. 17(ii), to the extent that this claim alleges that trial counsel failed to challenge instructions to the jury by the trial court regarding the petitioner's mental state and insanity at the time of the offense, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. See the discussion at page 25 of this Order.
The claim contained in paragraph no. 17(jj), to the extent that this claim alleges that trial counsel failed to challenge Magwood's conviction and sentence on the ground that he was rendered competent to stand trial by the administration of anti-psychotic medication, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, the claim is without merit. See the discussion at page 25 of this Order.
The claim contained in paragraph no. 17(kk), to the extent that this claim alleges that trial counsel failed to challenge improper *Page 981 
comments by the prosecutor to the jury, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, the claim is without merit. This claim was specifically raised by appellate counsel and addressed by the Federal District Court. Magwood v. Smith,608 F. Supp. 218 (D.C.Ala. 1985), at page 229 heading IX.
The claim contained in paragraph no. 17(ll), to the extent that this claim alleges that trial counsel failed to challenge Magwood's conviction and sentence on the grounds that they were rendered under the influence of passion and prejudice, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. Counsel cannot be held ineffective for failing to make a challenge that has no basis in fact or law.
The claim contained in paragraph no. 17(mm) is without merit. The ineffectiveness of trial counsel was thoroughly raised by appellate counsel at Magwood's 1983 error coram nobis hearing. Appellate counsel again raised the ineffectiveness of trial counsel in Magwood's petitioner for writ of habeas corpus filed in the United States District Court for the Middle District of Alabama, Northern Division, on July 20, 1983. This challenge by petitioner was addressed by the district court. Magwood v.Smith, 608 F. Supp. 218 (D.C.Ala. 1985), at page 223.
The claim contained in paragraph no. 17(nn) is without merit. See the discussion at page 24 of this Order.
The claim contained in paragraph no. 17(oo), to the extent that this claim alleges that trial counsel failed to challenge Magwood's conviction on the ground that the evidence of his insanity was overwhelming and uncontradictory, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, that claim is without merit. It is clear from a reading of the transcript of Magwood's trial that the evidence of insanity was in fact contradicted by not only expert testimony, but the facts of the offense as elicited from eyewitnesses. The jury's verdict certainly was not "contrary to the great weight of the evidence." See the discussion at page 27 of this Order.
The claim contained in paragraph no. 17(pp), to the extent that this claim alleges that trial counsel failed to challenge Magwood's conviction and sentence on the grounds of prosecutorial misconduct, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. As the Court has stated previously in this Order, there is absolutely no evidence of prosecutorial misconduct during any portion of Magwood's trial.
The claim contained in paragraph no. 17(qq), to the extent that this claim alleges that trial counsel failed to challenge the admissibility of the testimony of doctors Crook and Cooper, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, the claim is without merit. The length of time that Doctors Crook and Cooper expended in examining petitioner went properly to the weight of their testimony to be considered by the jury and not to the admissibility of such testimony.
The claim contained in paragraph no. 17(rr), to the extent that this claim alleges that trial counsel failed to challenge the improper striking of jurors by the court for cause where no cause existed and the Court's improper restrictions upon voir dire, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. Though petitioner has not sufficiently pleaded this claim, a reading of the transcript fails to disclose any striking of jurors by the court for cause where no cause existed. As to the court's alleged improper restrictions upon voir dire, see the discussion at page 24 of this Order.
The claim contained in paragraph no. 17(ss) is without merit. Appellate counsel is not required to raise on appeal claims that have no merit. The Court has reviewed the trial transcript and finds no merit to Magwood's claim that he was unlawfully denied *Page 982 
discovery. (See the transcript of Magwood's 1981 trial at pages 68-74; 397-401; 523.)
The claim contained in paragraph no. 17(tt), to the extent that it alleges that trial counsel failed to challenge the trial court's instruction to the jury that their guilty verdict was dispositive of the existence of the aggravating circumstance permitting the death penalty is procedurally barred. To the extent that this claim contains the allegation that trial and appellate counsel failed to make this challenge, this claim is without merit. See the discussion at page 26 of this Order.
The claim contained in paragraph no. 17(uu), to the extent that it alleges that trial counsel failed to challenge the trial court's determination that petitioner was mentally competent to stand trial without a jury, is procedurally barred. To the extent that this claim alleges that trial and appellate counsel failed to make this challenge, this claim is without merit. It is not improper for the trial court to make this determination without a jury. See the discussion at page 27 of this Order.
 III. THE INDIVIDUAL SUBSTANTIVE CLAIMS Claim A: Ineffective Assistance of Counsel Claim
Paragraph seventeen of the petitioner's seventh amended petition as corrected on August 5, 1992 contains allegations of counsel's ineffectiveness. Sub-paragraphs (o), (rv), (aa), and (ff) allege ineffective assistance of counsel at resentencing in 1986. Other allegations in the petition are sufficiently broad to allege ineffective assistance of counsel at resentencing. However, the court rejects the petitioner's right to raise his counsel's ineffective assistance at resentencing because of this court's interpretation of the district court's opinion in Magwood v. Smith, 608 F. Supp. 218 (D.C.Ala. 1985).
The petitioner introduced evidence concerning the Section 13-5-51(2) and (6) mitigating circumstances at the beginning of the hearing in this cause. The court allowed the introduction of some evidence and then changed its ruling, refused to allow additional evidence, and stated that the prior admitted evidence was inadmissible.
In the 1985 federal habeas proceedings, the District Court directed the trial court to consider the Code of Alabama, Section 13-11-7(1), (2), (6), and (7) (1975) mitigating circumstances. Magwood v. Smith, supra, at page 228. The District Court found that those two mitigating circumstances were proven by the petitioner's evidence, supra at 225-227. The petitioner was resentenced on October 2, 1986, and, in its Order, the trial court considered all of the evidence, including the mental state mitigating circumstances from Section 13-11-7(2) and (6). The court then reweighed the aggravating and mitigating circumstances, found that the aggravating circumstances outweighed the mitigating circumstances, and sentenced petitioner to death. That sentence was upheld by the Alabama appellate courts. Magwood v. State,548 So.2d 512 (Ala.Cr.App. 1988).
In Magwood v. Smith, 608 F. Supp. 218 (D.C.Ala. 1985) the District Court stated:
(Beginning at page 225) The trial judge in his findings specifically rejected the existence of these two mitigating circumstances as has been indicated and rendered sentence accordingly. It is the opinion of this Court that such a factual determination is not fairly supported by the record in this case in light of the overwhelming evidence regarding Magwood's mental condition. Accordingly, pursuant to28 U.S.C. § 2254(d)(8), it is the duty of this Court to remand this case for sentencing. While the Court notes that able and experienced state judges in this case have considered the issue of mitigating circumstances and have affirmed (see Magwood v.Smith, 426 So.2d 918, 925 (Ala.Cr.App. 1982) and Ex parteMagwood, 426 So.2d 929, 932 (Ala. 1983)), this Court has carefully scrutinized this record and can only conclude that the evidence of the existence of the mitigating factors relating to Magwood's mental state is so overwhelming as to make the trial court's rejection of their existence clearly erroneous. (emphasis added)
(At page 227) This evidence overwhelmingly indicates that defendant suffers from and *Page 983 
has for a long time suffered from severe mental defects. (Emphasis added)
(At page 227) Accordingly, while in this Court's opinion the evidence seems particularly strong that petitioner was insane at the time of the offense, this issue is properly left to the state courts. The matter of the existence of mitigating circumstances, however, is an altogether different matter. The record will simply not fairly support a factual determination which rejects the existence of the mitigating circumstances that this crime was committed while defendant was under the influence of extreme mental or emotional disturbance (Section 13-11-(2)) and that the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired (Section 13-11-7(6)). Even by examining this entire record with the high degree of deference due the state trial court and having indulged a presumption of correctness, Sumner v. Mata,449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) with respect to these findings, it is the firm conviction of this Court that thesetwo additional mitigating circumstances exist and that theirrejection was error by the trial court. (emphasis added)
It is clear that the District Court found that there was "over whelming evidence" of Magwood's mental condition presented to the trial court at sentencing in 1981. The District Court, several times, referred to the trial court'srejection of this overwhelming evidence. It is this court's opinion that the District Court did not order the trial court to conduct an evidentiary hearing, but only required the trial court to resentence Magwood based upon the evidence of Magwood's mental condition established at the original sentencing hearing.
The test for prejudice resulting from the ineffectiveness of criminal defense counsel requires that there be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Washington, 466 U.S. 668, at 694 [104 S.Ct. 2052 at 2068]. The failure of Magwood's counsel, at resentencing, to offer additional evidence cannot constitute ineffective assistance of counsel, if the reception of such evidence was not intended by the District Court's order. The District Court's order was affirmed. Magwood v. Smith,791 F.2d 1438 (11th Cir. 1986). Furthermore, any additional evidence regarding this matter would have been cumulative of the evidence already before the sentencing court.
 Claim B: Failure to Fully Transcribe Trial Court Proceedings Claim
The alleged failure to fully transcribe the trial court proceedings claim contained in paragraphs 18-20 of the Seventh Amended Petition is, as already stated in the Court's Order, procedurally barred because the claim could have been raised at trial but was not. It is also procedurally barred because it could have been raised on appeal but was not. Alternatively, this claim lacks merit.
Magwood has failed to proffer any evidence that the mandate of Code of Alabama, 1975, Section 12-17-275 was not fully complied with by the Court at Magwood's trial. It is the procedure in Coffee County and in this Court that all court proceedings during trial be recorded. There has been no evidence proffered showing Magwood's trial to be an exception. Magwood has not alleged, nor has he demonstrated, that he was prejudiced in any way by any alleged off-the-record jury selection, bench conferences, jury charge conferences, pre-trial hearings, pre-sentencing hearings, and sections of the voir dire proceedings.
The failure to fully transcribe trial court proceedings claim is without merit.
 Claim C: The Change of Venue Claim
Magwood has presented no evidence to this Court, to establish his change of venue claim. There is no evidence before this Court at this time, nor has there ever been any such evidence, that there existed actual prejudice against Magwood, or that the community was saturated with prejudicial publicity. Because Magwood can prove neither of those two things, the trial court's denial of Magwood's change of venue motion could not *Page 984 
have been an abuse of discretion. Kuenzel v. State,577 So.2d 474, 483 (Ala.Cr.App. 1990), aff'd, 577 So.2d 531 (Ala. 1991). This Court has further reviewed the transcript of the voir dire proceedings, and finds that, at the time of voir dire, the responses of the prospective jurors did not demonstrate that Magwood could not receive a fair trial. Voir dire is the proper time to prove a motion for change of venue anyway, and Magwood failed to meet his burden of proof. This claim is without merit.
 Claim D: The Juror Exclusion Claim
This claim is without merit because none of the reasons for juror excusal which Magwood claims were insufficient are, in fact, invalid reasons for excusal from jury service. It is hornbook law that jurors must reside in the county in which the trial occurs. It is also a basic premise that a juror must be able to hear in order to serve on a jury. Moreover, Alabama law is settled that a judge has wide discretion in passing upon excuses offered by jurors for their excusal from service. None of the excuses which Magwood claims were deficient are invalid reasons, and these jurors were properly excused.
 Claim E: The Individual Voir Dire Claim
This claim is without merit because there is no constitutional right to individual sequestered voir dire. This Court specifically rejects Magwood's claim that there is a constitutional right to individual sequestered voir dire in a capital case. Mu'Min v. Virginia [500 U.S. 415], 111 S.Ct. 1899
[114 L.Ed.2d 493] (1991).
 Claim F: The Gruesome Photograph Claim
Magwood claims that photographs were admitted into evidence at the trial of his case which were prejudicial and inflammatory. This claim is without merit because the photographs at issue were relevant to the res gestae of the offense, and were probative of the issues before the jury.Buttrum v. Black, 908 F.2d 695 (11th Cir. 1990) [adopting,Buttrum v. Black, 721 F. Supp. 1268, 1302 (N.D.Ga. 1989).];Williams v. Kemp, 846 F.2d 1276, 1282 (11th Cir. 1988). This claim is meritless because the photographs were properly admitted.
 Claim G: The Illegal Death Sentence Claim
This claim is nothing more than yet another attack on the death sentence imposed by the sentencing court in this case. Magwood claims that various errors occurred, but none of those claimed errors are supported by the record and the evidence before the sentencing court. It is clear to this Court that no improper aggravating circumstances were considered by the sentencing court, and it is equally clear to this Court that murder of a law enforcement officer is a crime for which a sentence of death may be imposed. Cade v. State, 521 So.2d 80
(Ala.Cr.App. 1988); Harrell v. State, [470] So.2d 1303 (Ala.Cr.App. 1984); Crowe v. State, 485 So.2d 351
(Ala.Cr.App. 1984), rev'd on other grounds, 485 So.2d 373
(Ala. 1985).
 Claim H: The Penalty Phase Jury Instruction Claim
This claim is devoid of any merit because the sentence at issue in connection with this claim is the sentence that was set aside by the Federal District Court.
 Claim I: The Application of the Death Penalty To A "Mentally Diseased Person" Claim
This claim is utterly meritless because Magwood has been found competent for execution. Because Magwood meets the competence for execution test established in Ford v.Wainwright, 477 U.S. 399 [106 S.Ct. 2595, 91 L.Ed.2d 335] (1986), and because he has not even suggested that he is incompetent at this time, this claim is rejected.
 Claim J: The Arbitrary and Discriminatory Application Claim
Magwood's claim that the death penalty is applied in an arbitrary and discriminatory manner is without merit.McCleskey v. Kemp, 481 U.S. 279 [107 S.Ct. 1756,95 L.Ed.2d 262] (1987). *Page 985 
 Claim K: The Imposition of the Death Sentence on Resentencing Claim
To the extent that Magwood claims that a new jury should have been impaneled at this resentencing proceedings, that claim is meritless because the error which resulted in the resentencing proceeding did not occur at the jury phase of the original trial, but rather occurred at the final judge-sentencing stage, when the mental state mitigating circumstances were not considered by the sentencing court. The situation in this case is not the same situation as that found in Williams v. State,556 So.2d 737 (Ala.Cr.App. 1986), aff'd in part rev'd in part,556 So.2d 744 (Ala. 1987), where an error did in fact occur at the jury sentencing state. Magwood is not entitled to relief on this claim because it is without merit. To the extent that Magwood attacks other aspects of the resentencing court's Order imposing the death sentence, those claims are without merit.
 Claim L: The Claim That The Sentence Imposed Is Not Authorized By Law
The merits of this claim have previously been addressed in connection with the claims which are addressed at page 25 of this Order, above. This claim is without merit for the same reasons that the other claims are without merit.
 Claim M: The Newly Discovered Material Facts Claim
The matter which Magwood claims are "newly discovered material facts" are not, in fact, matters falling within that category of evidence. Instead, what Magwood attempts to cast as newly discovered evidence is evidence that was known to the sentencing court at the time of Magwood's 1985 resentencing proceeding, and was in fact considered in passing sentence at that time. Moreover, to the extent that Magwood claims that sentences imposed subsequent to his are in some way relevant to the matters before this Court, that claim is wholly meritless because it would stand reason on its head to suggest that subsequent sentences should be considered in evaluating death sentences imposed previously. To do as Magwood suggests would mean that no sentence of death could ever be carried out because there would always be new death sentences with which the old death sentence should be compared. That is not the law because it is contrary to common sense. This Court rejects that claim as without merit. To the extent that Magwood alleges other "newly discovered evidence", those claims are without merit and do not entitle Magwood to relief.
 Claim N: The Rejection Of The Insanity Defense Claim
This claim is without merit because it is not a claim properly cognizable in this proceeding. This claim is not considered on its merits because it is merely an attempt to relitigate issues which have already been decided by the state and federal courts. The guilt phase of the petitioner's trial is not properly before this Court and issues involving the guilt phase of the 1981 trial should not be considered.
 Claim O: The Psychiatric Treatment Claim
Magwood's claim that he could not be tried and sentenced while being "treated with large doses of anti-psychotic drugs and tranquilizers" is without merit. Magwood has never claimed that he was involuntarily medicated, and, absent proof that he has at some time objected to medication, his claim fails.Riggins v. Nevada [504 U.S. 127, 112 S.Ct. 1810,118 L.Ed.2d 479] (1992). Moreover, the State is entitled to an adjudication of a criminal defendant. Illinois v. Allen 397 U.S. 337, 347
[90 S.Ct. 1057, 1063, 25 L.Ed.2d 353] (1970) (Brennan, J. concurring) ("constitutional power to bring an accused to trial is fundamental to a scheme to 'ordered liberty' and prerequisite to social justice and peace"). Given the State's right to bring a defendant to trial, and the lack of any evidence on this claim, this claim fails. This claim is without merit.
 Claim P: The Passion and prejudice Claim
This claim, like claim N, above, relates to the petitioner's 1981 trial and conviction. *Page 986 
Consequently, this Court deems it inappropriate to consider this claim on the merits for the reasons discussed at page 27 of this Order, above.
 CONCLUSION
For the reasons set forth in this Order, the Petition for Relief from Conviction and Sentence of Death is hereby Denied and Dismissed. All their pending Motions are Denied.
Done this 13th day of January, 1993.
 /s/ John B. Crawley
John B. Crawley Circuit Judge